JOHN CLIFFORD

*v.*

WILLIAM H. DRAKE.

*Filed at Ottawa May 19, 1884.*

1.  BILL OF EXCEPTIONS—*what it should contain.*    Where an article claimed to be libelous, offered in evidence and excluded by the court, is not set out in the bill of exceptions, this court can not say that it was proper evidence in the case, and its pertinency not appearing, this court can not hold it was error not to allow a witness to refresh his memory by examining such article.

2.  EVIDENCE—*refreshing memory of witness.*    Where an original manuscript article published in a newspaper is shown to be lost, the reporter, who wrote the same from a verbal interview with one who is sued for uttering alleged libelous matter in the same, may be shown such published article to refresh his memory as to what the defendant told him, if the article is libelous and set out in the *declaration,* and it is error to refuse to allow the witness to read the same for that purpose.

3.  CONSENT—*waiver of error.*    Where counsel for both parties consent for the court to instruct the jury to find for the defendant, neither party can assign the ruling for error.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. SIMON P. DOUTHART, for the appellant.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action on the case, for a libel, brought by John Clifford in the Superior Court of Cook county, against William H. Drake, in which special damages were claimed. The case was tried in the Superior Court, and resulted in a verdict and judgment in favor of defendant. Plaintiff then appealed to the Appellate Court for the First District, where the judgment of the Superior Court was affirmed, and the case comes to this court on appeal.

The declaration contains two counts. It is averred that appellant had obtained the position of architect for the building of a new city hall in the city of San Francisco, in the State of California; that the building was estimated to cost $5,000,000, and appellant was to receive five per cent on the expenditures; that a reporter of the "Chicago Times" saw appellee, for the purpose of learning as to the qualifications and character of appellant; that appellee knew that such information as he should impart would be published in the "Times;" that the reporter prepared an article embodying the information communicated by appellee, which was published in the Sunday "Times," by reason of which publication appellant lost his place as architect and superintendent of the building, which resulted in great loss and damages to appellant; that in response to inquiries by the reporter, appellee spoke false and defamatory language as to appellant's capability and reliability as an architect. The article published in the "Times" was copied in a San Francisco paper, which caused him to lose his place of architect.

The bill of exceptions shows that when the reporter was on the witness stand, appellant proposed that the witness should look at the article in the "Times," for the purpose of refreshing his recollection, to which appellee objected, and the objection was sustained by the court. It also appears that the notes of the conversation made by the reporter, and the

article he prepared, were destroyed, and upon that evidence appellant offered to read the article from the paper in which it was published, the paper having been identified, but on objection the proposed evidence was rejected by the court. Afterward the court directed and instructed the jury to find a verdict for the defendant. The article complained of as being false and libelous, offered in evidence, is not in the bill of exceptions. We are therefore unable to see that it was proper evidence in the case. If it was in nowise pertinent to the issue, it did not matter whether the witness was prevented from examining it to refresh his recollection. If the article was libelous, and the same set out in the declaration, then there was error in not permitting the witness to read the article to refresh his memory, for the purpose of identifying it. But for aught we can see the article may have had no relevancy to the case. If pertinent, it was the best evidence attainable, as the original notes and article in manuscript had been destroyed. As the article is not incorporated in the bill of exceptions, we can not know its contents, and therefore can not say the court below erred in refusing to permit appellant to offer the paper in evidence. Until error is shown, we must, as a matter of law, presume that the court decided correctly.

As to instructing the jury to find for defendant, counsel for both parties consented that the court might so instruct. This being true, neither party can now object. That ruling can not, therefore, be assigned for error.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*