## James B. Swing, Trustee, v. The Blakely Printing Co.

1. Bill of Exceptions—*Must Show Evidence Offered and Rejected.*—Where evidence is offered by a party litigant and excluded upon objection, the nature and character of such evidence should be shown in some proper way by the bill of exceptions so that the Appellate Court can determine the errors assigned upon its exclusion.

Assumpsit, on an assessment, etc. Trial in the Superior Court of Cook County; the Hon. Farlin Q. Ball, Judge, presiding. Verdict and judgment for defendant; appeal by plaintiff. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed May 2, 1899.

Harvey Strickler, attorney for appellant.

A. L. Flaningham and L. B. Hilles, attorneys for appellee.

Mr. Justice Shepard delivered the opinion of the court.

A judgment of ouster against the Union Mutual Fire Insurance Company, an Ohio corporation, was entered by the Supreme Court of Ohio, in 1890, and appellant was appointed trustee of the creditors and stockholders of said company, under the provisions of the revised statutes of Ohio.

In his capacity as such trustee, the appellant brought this suit, in 1896, to recover from appellee, as a member of said insurance company, the amount of an assessment alleged to have been made by said trustee against appellee, of $687.50. A trial was had and a verdict finding the issues for the defendant (appellee) was returned by direction of the trial judge, and a judgment for costs of suit was entered against appellant.

For present purposes, it may be assumed that, as appellant argues, appellant made proof of everything he was required to establish preliminarily to proving the assessment that was made by him, and that it only remained for him

in order to make at least a *prima facie* case, to further show the assessment that was actually made by him. He then offered in evidence that assessment as contained in a book produced to and identified by a witness, the witness testifying that the book produced and exhibited by him, " was a record of the assessment made by the plaintiff, pursuant to the order of the Supreme Court (of Ohio); that the book contained the record of that whole assessment as made by the plaintiff; that it is the assessment made by the trustee." (We quote from appellant's brief.) Appellant's brief adds: " This record of the assessment was in fact the very instrument sued on. If it showed a valid assessment, plaintiff would be entitled to recover, and if it did not show a valid assessment, or was in itself incomplete, and insufficient to show a proper assessment, then plaintiff's case must fail, unless plaintiff cured the defect by other evidence."

But the trial judge excluded the offered book, presumably because, as we are bound to conclude, the book, or record it contained, did not, for some reason, show " a valid assessment, or was in itself incomplete, and insufficient to show a proper assessment."

Although this book was offered in evidence by appellant, and, presumably, was and is in his possession and control, he has not incorporated it, or a copy of it, into the record, nor has he attached it to the bill of exceptions as an exhibit, and we have no means of seeing it and judging for ourselves, as our duty requires, whether it shows a valid assessment or not. Neither is there anywhere in the record, abstracts or briefs, any statement of what the book contains. It is variously spoken of, by witnesses and counsel, by name, but calling a document by a particular name proves nothing.

The bill of exceptions shows, affirmatively, what, in some respects, the book does not contain. For example, it is recited in connection with the refusal of the court to admit the book in evidence, that " there was nothing to show that the book offered in evidence contained the assessment made by the trustee, except the testimony of the witness Will-

iams, (the witness in connection with whose testimony the book was offered). The book had never been filed in the Ohio court, and it bore no evidence that it contained the assessment which the court ordered approved."

It also appears, elsewhere in the bill of exceptions, that the book contained original entries of claims allowed by the trustee to the extent of four only, in number, and contained only a copy, transcribed from an original book of losses kept by the directors of the company, of the entries of claims or losses allowed by the directors prior to the appointment of the trustee. As said in Bromwell v. Estate of Bromwell, 139 Ill. 424, " As the bill of exceptions contains no evidence as to what those entries were, we can not say that they had any bearing upon the questions at issue, and they must accordingly be disregarded." See, also, Clifford v. Drake, 110 Ill. 135.

It is most manifest that we can not reverse a judgment rendered because of the insufficiency or invalidity of a document of such vital importance which is kept from us.

For aught that appears, the judgment of the Superior Court was right, and it will be affirmed.