## Harton v. Harton, Appellant.

*Appeals—Rule 6, sec. 2—Bill of exceptions—Certificate—Points.*

Where the assignments of error on an appeal are to answers to points the appeal will be quashed where no bill of exceptions has been taken, nor certificate of the judge filed, as required by rule 6, sec. 2. An indorsement on plaintiff's points or on opinion, refusing new trial, that bill was "sealed for defendants in all generally," is not sufficient.

Argued May 3, 1905.　Appeal, No. 235, April T., 1905, by defendants, from judgment of C. P. No. 2, Allegheny Co., Oct T., 1905, No. 814, on verdict for plaintiff in case of John E. Harton v. William E. Harton, Contractor, and William E. Hildebrand, owner, with notice to Frank P. Howley.　Before BEAVER, PORTER, MORRISON and HENDERSON, JJ.　Appeal quashed.

Motion to quash appeal.

The opinion of the Superior Court states the case.

*Errors assigned* were answers to plaintiff's points.

*Thomas B. Alcorn*, for appellant.

*W. H. S. Thomson*, with him *C. C. Brock* and *Frank Thomson*, for appellee.

PER CURIAM, July 13, 1905:

Our Rule 6 is simple and easily understood.　The requirements of its second paragraph are specific.　It is as follows:

"2. In all cases to which a bill of exceptions at common law is applicable, it is strongly recommended that such a bill be taken in the established form.　Where this is not done, a certificate signed by the judge, in the following form, will be required, viz.:

"Foregoing notes of testimony, with the exceptions taken by counsel during the trial to the rejection or admission thereof, and the charge, with the exceptions thereto, have been examined by me, and are hereby approved and ordered to be filed.　———— Judge."

We are asked to quash this appeal for the reason that no exceptions were taken at the trial to the answers to points which constitute the substance of the questions involved.　The motion is based upon substantial grounds.　It is alleged, however, by the appellant that, although no formal exceptions appear upon the record, it does appear, by the following indorsement, that they were recognized as having been taken, "Bill sealed for defendants in all, generally" which is signed by the judge.　The answer is made that this bill was sealed after

the trial and verdict. It is indorsed upon the plaintiff's points, which were all affirmed, but is not dated. Whenever made, it is in no sense a compliance with our rule. In the absence of a bill of exceptions in regular form, the certificate which is provided for is required. There is no such certificate. The motion to quash must, therefore, be allowed. Bill quashed.