## Gibson *v.* Campbell, Appellants.

*Contracts—Assumpsit — Evidence — Cross examination — Witnesses—Irrelevant evidence—Refreshing recollection—Copies of book of original entries.*

1. A witness, when testifying with regard to items of charge made by him, may refresh his memory by reference to a book kept under his supervision at the time of the charge, and to a copy of pages lost from the book at the time of the trial, which copy had been made under his direction and supervision.

2. In an action of assumpsit to recover a balance alleged to be due on a verbal contract for hauling, plaintiff claimed on the basis of $100.00 a month as the agreed hire of himself and his team during the period of the contract, and further amounts for board for his teamster, which he alleged defendants agreed to pay, and for extra hauling. Defendants admitted the contract for hire, but denied that they agreed to pay board for plaintiff's teamster, or that plaintiff furnished teams as required by the contract, and alleged that the charge for the extra hauling was excessive. The court refused to permit defendants to cross-examine plaintiff as to where he had expended the amounts claimed for board, because the affidavit of defense, which had the effect of a pleading under a rule of court, merely denied that defendant agreed to pay the board of the teamster, but did not allege that the claim for board was excessive. *Held*, no error.

3. It is reversible error for the court in such case to admit evidence for plaintiff of a prior contract with defendants, providing that plaintiff should receive $100.00 a month for his services, where such evidence was introduced under a promise to follow it up by testimony that the defendants had admitted that they were compelled to pay plaintiff more than under the former contracts, and no evidence of such admissions was introduced.

Argued Oct. 9, 1913.   Appeal, No. 57, Oct. T., 1913, by defendants, from judgment of C. P. Armstrong Co., Sept. T. 1911, No. 199, on verdict for plaintiff in case of David T. Gibson v. John H. Campbell & A. E. Butler, doing business as Campbell & Butler.   Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.   Reversed.

Assumpsit to recover balance alleged to be due on a contract for hauling.   Before PATTON, P. J.

The opinion of the Supreme Court states the facts.

While the plaintiff was undergoing cross examination defendant proposed to ask him certain questions, to which objections were made and sustained as follows:

"By Mr. McCullough: We propose to ask the witness on the stand, the plaintiff, on cross-examination where he expended the 337 items of expense for board, as set forth in Ex. A, a part of his statement of claim against the defendant, for the purpose of testing the recollection and credibility of the witness as to the amount of the claim for boarding in this case.

"Objected to as irrelevant under the pleading in the case and the rule of court.

"By the Court: The defendant's affidavit setting forth that the entire contract between the parties was that they were to pay him $100 a month and no board, and not having set up that the claim for board was excessive, the objection is sustained and a bill of exceptions is sealed to the defendant." (1)

Verdict for plaintiff for $1,833.44 and judgment thereon.   Defendants appealed.

*Errors assigned,* among others, were (2) in sustaining objection to question to be propounded to plaintiff on cross-examination, and other rulings on evidence.

*R. A. McCullough,* with him *J. H. Painter,* for appellants, cited: Breinig v. Meitzler, 23 Pa. 156; Rogers v. Old, 5 S. & R. 404; Blair v. Ford China Co., 26 Pa. Superior Ct. 374; Miller v. Miller, 187 Pa. 572; Grim v. Reimbold, 148 Pa. 446.

*R. L. Ralston,* with him *H. A. Heilman,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 5, 1914:
This action was brought to recover a balance due on a

contract for hauling. Plaintiff alleges that he entered into a verbal agreement on July 3, 1903, to do certain hauling for the defendants who were partners in the business of drilling oil and gas wells. He claims that he was to receive $100 a month for himself and a certain team of horses and boarding for his teamster during his absence from home. He also alleges he did hauling for the defendants with an extra team for which he claims $4.50 a day. He continued to work under the contract, according to his testimony, until April 1, 1906, and claims a balance of $2,087.15.

The defendants, in their affidavit of defense, admit they entered into a verbal contract with the plaintiff by which they agreed to pay him $100 per month for the services of himself and team of horses, but deny that they agreed to pay him an additional consideration to cover the expenses incurred by him for boarding while he was away from his home and in their employ. They further deny that he furnished the horses and team as required by the contract, and allege that they are entitled to certain specific credits other than those allowed by the plaintiff, and that the charge for hauling with the extra team was excessive. The trial resulted in a verdict for the plaintiff, and judgment having been entered thereon the defendants have taken this appeal.

We think the tenth assignment of error must be sustained. The plaintiff offered to show that at a previous time he had worked for the defendants under an agreement for $100 per month, to be followed by the admission of one of the defendants in speaking of the present contract that he had hired the plaintiff over again but was compelled to pay him more money than he had under the former contract. The offer as stated by counsel, was for the purpose of establishing that part of the present contract relating to board. The court admitted the testimony and sealed a bill for the defendants. Counsel for the plaintiff then proved by him that prior to the present contract he had worked for the defendants for about a

year and a half at $100 per month. This was all the testimony that was introduced under the offer. Standing alone it was irrelevant to the issue before the court, and there was no evidence in the case which made it competent. The plaintiff failed to prove the part of his offer that the defendants had admitted they were compelled to pay the plaintiff under the present contract more money than they had under the former contract. The competency of the offer as a whole was made to turn on proof of this part of it, without which the offer should have been excluded. So far as the plaintiff's right to recover in this action was concerned the consideration paid him for services rendered under a former and altogether different contract was wholly immaterial and irrelevant. The evidence introduced had no tendency to establish that part of the present contract relating to board, the purpose for which it was offered. It is not claimed that the offer was competent or relevant for any other purpose, and it follows that it should have been excluded.

We construe the affidavit of defense as did the learned trial judge, and hence he was right in refusing to permit the defendants' counsel to cross-examine the plaintiff as to the items claimed for boarding. The affidavit admitted that the defendants had a contract with the plaintiff by which he was to do the hauling and that they were to pay him $100 per month for his services, but denied that under the contract they were to pay the board of the teamster while away from home. The statement avers that the defendants were indebted to the plaintiffs for $415.03 for boarding. The affidavit simply denies that the defendants are indebted to the plaintiff in that sum or in any sum whatever. As suggested by the learned trial judge, the affidavit does not aver that the claim for board is excessive; nor does it allege any other defense to the claim than that the defendants, under their contract, had not agreed to pay the board. Under this view

of the affidavit the cross examination was properly excluded.

The court was right in permitting the plaintiff to refresh his recollection when testifying to the extra hauling he did for the defendants. As we understand the evidence it shows that the plaintiff made a memorandum of the extra hauling while he was absent from home, that when he returned he gave the items with the day and date to his daughter which she then put down in a book. A few pages had been lost from the book at the time of the trial. Some months after the contract had expired the daughter made a copy of the original book which contained the items on the lost pages. The daughter proved the book and the copy which she had made of it. The plaintiff was permitted to refresh his recollection by reference to the book, and by reference to the copy for what was contained in the lost pages of the book. It will be observed that the original copy was made by the daughter under the direction or supervision of the plaintiff and he therefore knew it to be correct. Under these circumstances, it has uniformly been held that it is not error to permit the witness to refer to book entries or memoranda to refresh his recollection.

The learned judge was not accurate in that part of his charge embraced in the eighth assignment in saying that the jury had the book of original entries before them. In the hurry of the trial, the fact that the book was not offered in evidence escaped the attention of the court. This of course will not occur on the next trial.

The tenth assignment of error is sustained, and the judgment is reversed with a venire facias de novo.