## Sabin *v.* Michaelsen, Appellant.

*Evidence—Written memorandum—Refreshing memory of witness.*

A witness may refresh his memory of a fact, by referring to a memorandum made from the original records, also prepared by him some months prior to the taking of the memorandum, where he was familiar with the circumstances and knew that the facts, dates and figures, mentioned in the memorandum, were transcribed from the original record.

It is, of course, necessary that the witness be able to say that the document referred to correctly states the facts recorded, but with such verification, it may be referred to to stimulate his recollection.

Argued Nov. 15, 1918. Appeals, Nos. 181 and 194, Oct. T., 1918, by defendant, from judgment of C. P. No. 3, of Philadelphia Co., June T., 1915, No. 747, on verdict for plaintiff in case of Edwin R. Sabin, trading as Edward R. Sabin & Co., v. F. C. Michaelsen, Owner and Builder, Samuel Stern, Owner. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Sci. fa. sur mechanic's lien. Before FERGUSON, J.

From the record it appeared that on the 30th day of July, 1915, plaintiff filed two mechanics' liens in the Court of Common Pleas, No. 2, of Philadelphia Co., as of June T., 1915, Nos. 747 and 748, on the 7th day of August, 1915, five liens in the Court of Common Pleas, No. 3, of said county as of June T., Nos. 833, 834, 835, 836 and 837, and on the 10th day of August, 1915, seven liens were filed in said court, No. 3, as of June T., 1915, Nos. 851, 852, 853, 854, 855, 856, and 857. On the 27th day of July, 1917, writs of scire facias were issued on these liens and on the 7th day of August, 1917, Eva C. Michaelsen, executrix of the will of Frederick C. Michaelsen, one of the defendants, filed an affidavit of defense to each of said writs. The case came for trial on the issues framed by the pleadings and the fourteen cases were tried as one before FERGUSON, J., and a jury on the 4th day of March, 1918, and a verdict rendered on each of the liens in favor of the plaintiff and judgment was entered thereon in the sum of $2,651.46. Defendant appealed.

*Errors assigned* were rulings on evidence as stated in the opinion of the Superior Court and the charge of the court.

*Ruby R. Vale,* for appellant.—A present recollection may be revived by any writing whatever, whether original or copy, irrespective of the time when the writing was made: Wigmore on Evidence, Vol. I, p. 843, Section 749;

228      SABIN *v.* MICHAELSEN, Appellant.

Arguments—Opinion of the Court. [72 Pa. Superior Ct. Wigmore, Vol. I, pp. 849-850, Sec. 758; 40 Cyc. 2461; Jones on Evidence, p. 1123, Section 878; Mead v. White, 6 Sadler 38; Velott v. Lewis, 102 Pa. 326.

*Joseph G. Lester,* for appellee, cited: Dodge v. Bache, 57 Pa. 421; Selover v. Rexfords' Excr., 52 Pa. 308; Edwards v. Gimbel, 202 Pa. 30; Clark v. Union Traction Co., Appellant, 210 Pa. 636; McKenna v. Gas Co., 198 Pa. 39; Velott v. Lewis, 102 Pa. 326.

OPINION BY HENDERSON, J., July 17, 1919:

This action and thirteen others between the same parties were tried together and involved the right of the plaintiff to maintain the liens filed for work done and material furnished in the equipment of certain dwelling houses with heaters. The defendants attempted to show that the liens were invalid because more than six months had elapsed from the time the last work was done and the last material furnished. To establish this fact, a witness was called by whom it was proposed to show that he was familiar with the progress of the work on the buildings as an agent of the Land Title & Trust Company; that his duty was to see that the work was being done in accordance with the plans and specifications, and to certify to certain amounts of money to the various contractors each week; that he inspected the work on the buildings once every week; that he made an examination of the houses with reference to the time when the last material was furnished and the work was done, and made memoranda of the fact, as a part of his record of inspection, which record showed that the work was completed at a certain time. The original memoranda made on his records by the witness has been lost and could not be produced at the trial, but while they were in his possession, he had made on other papers, from the originals, a record of the same dates as to the time of the completion of the work. The witness was unable to give these dates from memory, whereupon it was proposed to prove the fact,

after the witness had revived his recollection by reference
to the notations of time which he had made on the papers
referred to from his original memoranda. On objection,
the court refused to admit his evidence, and the question
for consideration is whether the witness might use the
notes, made by him, to refresh his recollection as to the
date when he observed that plaintiff's work on the houses
was completed. The reason for the action of the court
was that the memoranda proposed to be used by the wit-
ness were not those originally made, and that copies of
the originals were not admissible to revive the recollec-
tion of the witness. It was not proposed to offer the
memoranda in evidence, for the purpose of establishing
the fact; the purpose was to prove the fact by the witness
after his memory had been refreshed by reference to the
documents made by him. The attempt was not, therefore,
to introduce the record of a prior recollection, but to pro-
duce a present recollection by stimulating the memory
through association with a transaction in which the wit-
ness was an actor. As the original memoranda were
made by the witness from knowledge then possessed by
him, as he claimed, and the copies taken from these origi-
nals were also made by him, and as he stated, enabled him
to recall the date on which the last material was fur-
nished, or labor was done, such memoranda, whether
originals or copies, were admissible to enable him to re-
call the facts there recorded, and which were involved in
the litigation. The authenticity of the writings being
established, and the necessity of their use to refresh the
memory of the witness having been shown, the foundation
was laid for a reference to them by the witness to revive
his recollection of that with which he was familiar when
the memoranda were made. If the effort be to prove the
record of a prior recollection, it is important that the
record shall have been made when the memory was fresh
and the events so recent as to assure probable accuracy,
but where the object is merely to restore to the mind of
the witness the recollection of facts of which he once had

knowledge, a memorandum made at a later time, or a copy of a former memorandum, may be used if the witness have knowledge of its accuracy. It is not essential that the paper be an original document, nor is it necessary to account for the original, the important matter is that it is calculated to restore the recollection of the witness. In Mead v. White, 6 Sadler 38, a copy of an account which the witness had taken from pocket memoranda which he had carried until they were worn out, was used by the witness to refresh his memory. Of such use of the copy, the Supreme Court says: "It may be conceded that the written memoranda were not admissible as entries made in the course of business in a book of original entries, yet it is well settled that the witness may use a paper containing a list of items to refresh his memory, when he knows the entry to have been correct when he made it." The question was considered in Gibson v. Campbell, 242 Pa. 551: In that case the plaintiff made a memorandum of work done when he was absent from home, and when he returned he gave the items with the day and date to his daughter who set them down in a book. Some of the pages had been lost from the book, when the case was tried, but after the contract had expired, the daughter made a copy of the original book which contained the items on the lost pages. The daughter proved the book and the copy which she had made of it. The plaintiff was permitted to refresh his recollection by reference to the book and also by reference to the copy for what was contained in the lost pages. The original copy was made by the daughter under the direction of the plaintiff and he therefore knew it to be correct. Under these circumstances the court said: "It has uniformly been held that it is not error to permit the witness to refer to book entries or memoranda to refresh his recollection." It was said by Judge KEPHART in Commonwealth v. Roth, 71 Pa. Superior Ct. 73, that: "It has long been a rule of evidence that a witness may refresh his memory by an examination of memoranda reasonably

contemporaneous with the transaction to which it relates, whether made by the witness or another......He must know of the circumstances of which the memoranda make record on or about the time of their occurrence and that the writing correctly records them. The original record being a true narration of what transpired, a witness may use a copy thereof." The same doctrine is supported in Edwards v. Gimble, 202 Pa. 30. In that case the memorandum used was made by a stenographer, but was afterwards signed by the witness. The rule is stated in 1 Wigmore on Evidence, Page 852-B and in the Encyclopedia of Evidence, Vol. XI, Page 131, that a copy of a memorandum or other writing may be used to refresh the memory of a witness. Other authorities of like tenor are: Clifford v. Drake, 110 Ill. 135; Caldwell v. Bowen, 80 Mich. 382; Stephan v. Metzger, 95 Mo. App. 609; Murray v. Cunningham, 10 Neb. 167. It is of course necessary that the witness be able to say that the document, to be referred to, correctly states the facts recorded, but with such verification it may be referred to to restore the memory of the witness.

The great weight of authority is against the conclusion of the court below that the memoranda could not be used by the witness because they had been copied from the original documents made by him. If, as the defendants show, papers in the hands of the witness refreshed his memory and enabled him to testify as to the date when the last work was done under the contract, he should have been permitted to use these memoranda to revive his recollection as to the date involved.

The first and second assignments are therefore sustained.

The third and fourth assignments, relating to the protested notes given to the plaintiff, were not pressed, and as the statement of the question involved makes no reference to them, it is unnecessary to discuss that branch of the case.

The judgment is reversed with a venire facias de novo.