## Commonwealth *v.* Dwyer, Appellant.

*Criminal law and procedure—Indictment — Motion to quash — Motion for binding instructions—Indictment based upon hearsay.*

If a defendant, indicted for conspiracy to defraud, desires to question the validity of the indictment because the evidence shows it to have been based upon hearsay, the question should be raised by a motion to quash the indictment, and not by a motion for binding instructions.

*Criminal law—Conspiracy to defraud—Evidence—Order of proof —Use of reports to refresh recollection—Evidence of offenses at dates not charged in the indictment—Reputation.*

The order in which proof may be introduced upon the trial of one indicted for conspiracy to defraud is within the discretion of the trial judge. An assignment of error relating to refusal by the trial court to grant a new trial, because the Commonwealth proved part of its case in chief by way of rebuttal, will not be sustained.

A report made up in a railroad ticket office, showing the number of tickets redeemed, and the date of their issuance and redemption, may be used by an agent from the office to refresh his recollection as to the facts recorded, if he is able to say that the record correctly states the facts.

Upon the trial of an indictment charging a conspiracy to defraud, proof of offenses at times other than that specified in the indictment, is admissible, if it tends to show a system, guilty knowledge, design or plan.

Evidence of good character is substantive evidence, material and essential in determining the guilt or innocence of the defendant, and should be considered by the jury in connection with the other evidence, and a charge which in substance so instructs the jury is not subject to exception.

Argued April 28, 1922. Appeal, No. 123, April T., 1922, by defendant, from judgment of Q. S. Allegheny Co., April Sessions, 1921, No. 546, in verdict of guilty, in the case of Commonwealth of Pennsylvania v. Joseph Dwyer. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for conspiracy to defraud. Before CAR-PENTER, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty, upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were the action of the court in overruling motions for binding instructions, in arrest of judgment and for new trial, and also various parts of the charge and rulings on evidence.

*Samuel Milliken,* for appellant.—A witness cannot be permitted to refresh his memory by notes or memoranda made by others than himself: Reed v. Orton, 105 Pa. 294; Steele v. Wissner, 141 Pa. 63.

Evidence of good character is sufficient by itself to raise a reasonable doubt of guilt: Com. v. Cate, 220 Pa. 138.

*R. M. Gibson,* Assistant District Attorney, and with him *Harry H. Rowand,* District Attorney, for appellee.—Use of the report to refresh his memory by the witness, who knew it was correct, was properly allowed: Gibson v. Campbell, 242 Pa. 551; Sabin v. Michaelson, 72 Pa. Superior Ct. 226.

The charge, as to reputation evidence, fully met the requirements of Com. v. Eckerd, 174 Pa. 137; Com. v. Cate, 220 Pa. 138, and Com. v. Stoner, 70 Pa. Superior Ct. 365.

OPINION BY GAWTHROP, J., July 13, 1922:

The defendant was convicted upon an indictment containing three counts, the first charging him and one A. M. Byrne with conspiring and agreeing together and with other persons whose names were unknown to cheat and defraud the Pennsylvania Railroad Company out of moneys and their property; the second charging them with receiving and unlawfully and fraudulently withholding and converting and applying to their use certain

moneys and other property of said Pennsylvania Railroad Company, and the third charging larceny of said moneys. This appeal is from the judgment entered on the verdict. In order to discuss intelligently certain of the sixteen assignments of error, a brief statement of the facts seems necessary.

The Pennsylvania Railroad Company discovered that at its passenger station in Pittsburgh an abnormal number of transportation tickets were being presented for redemption. An investigation which followed resulted in the arrest of a number of Pullman conductors and other persons on charges similar to those in the present indictment. Among those arrested were A. M. Byrne and the defendant, who, for some years prior to the month of February, 1921, had been a bartender at the Hotel Griese situated about a square and a half from the Union Station of the Pennsylvania Railroad Company at Pittsburgh. This hotel was much frequented by railroad men and employees who worked at the Union Station. Byrne was a Pullman conductor operating on the line of the Pennsylvania Railroad Company between New York and St. Louis. During the year 1920 and January of 1921, he made a practice of failing to cancel certain transportation tickets taken up during his trips. and sent them to the defendant, Dwyer, who had them redeemed by certain employees in the ticket office of the railroad company, notably by R. F. Campbell, a ticket clerk, who redeemed the tickets, both at the station and at the Hotel Griese. There was proof of the sales of particular tickets, which were traced by their numbers into the hands of Byrne, who did not cancel them but turned them over to defendant who presented them to the railroad company for redemption. These tickets were received by defendant through the mail in envelopes addressed to J. H. Brooks at the Hotel Griese. Defendant presented them to the railroad company for redemption and sent a part of the proceeds to Byrne. There was

evidence that certain other Pullman conductors also took up tickets, which they failed to cancel and sent them to defendant, addressed to J. H. Brooks at the Hotel Griese, and received his check for a part of the money received upon the redemption of the tickets. Byrne entered a plea of guilty and took the stand for the Commonwealth against defendant.

The assignments of error are sixteen. . The first assignment complains of the overruling by the trial judge of a motion made by defendant's counsel at the close of the testimony that the court take the case from the jury and give binding instructions for defendant, for the reason that the evidence disclosed that the person who made the information in the case had no knowledge or information as a basis upon which the complaint could be founded, and for the additional reason that the indictment showed that the only persons called before the grand jury were the witnesses, McGinley and Campbell; that the evidence adduced from McGinley and Campbell at the trial showed that any evidence presented by them before the grand jury must have been hearsay; that neither of them had any knowledge of any conspiracy between Byrne and the defendant, Dwyer; that therefore the bill of indictment was improperly obtained. If the defendant desired to question the validity of the indictment for such reasons, it should have been done by a motion to quash. Such a motion is usually made before plea entered and must be so made where the defect appears on the face of the indictment. But in Pennsylvania an indictment may be quashed for matters not appearing upon the face of the record: Com. v. Bradney, 126 Pa. 199.

The second, third, fourth and fifth assignments of error challenge the answers of the trial judge to defendant's second, third, fourth and fifth points presented for charge. These assignments are defective because they are not based upon exceptions taken in the court below:

Harton v. Harton, 28 Pa. Superior Ct. 492; Cutter v. Pierson, 26 Pa. Superior Ct. 10.

The sixth assignment of error is based upon an exception to the order of the court dismissing the motion for a new trial. All of the reasons filed in support of the motion for a new trial charged error below in the admission of testimony. The second, third and fourth reasons are the subject of specific assignments which will be referred to later. The first reason complained of the admission of alleged telephone conversations between the Commonwealth's witnesses, Cooley and Baer, and defendant. No exception was taken to the admission of the testimony of Cooley. Baer's testimony was admitted over an objection urging that the testimony was not rebuttal, but part of the Commonwealth's case in chief. The admission of the testimony in rebuttal was within the discretion of the trial judge. For this reason and the reasons which will be stated upon the assignments specifically passing upon the other reasons supporting the motion for a new trial, we think there was no abuse of discretion in overruling the motion for a new trial.

The seventh assignment challenges the discharge of the motion for arrest of judgment. The reasons set out in support thereof are identical with the reasons assigned in support of the motion which was the subject of the first assignment of error.

The eighth assignment charged error in pronouncing judgment of sentence. A conviction on any one of the counts in the indictment would warrant the sentence.

The ninth, tenth and twelfth assignments complain of overruling of defendant's objection to the admission of, and the motion to strike out, the testimony of the witness R. F. Campbell, the agent in the ticket office of the Pennsylvania station at Pittsburgh, who was called to prove that certain tickets, which had been collected from passengers by Byrne, were presented by defendant to the witnesses for redemption, and that defendant received the money for the tickets. In order to make the

identification, the witness, for the purpose of refreshing his recollection, was permitted to refer to a report made up in the ticket office of the railroad company, showing the number of tickets which had been redeemed, the date of the ticket and the date when redeemed. The use of this record by the witness was objected to on the ground that the paper was not prepared by him or in his presence, and that he had no personal knowledge that it was correct. This witness testified that, immediately after the redemption of a ticket by him, the data in relation to it was placed upon this record; that each day, or on the succeeding day, he checked with the report the tickets turned in by him, and that he was sure of the accuracy of the report; that, from an inspection thereof, he was able to state that defendant presented to him for redemption 492 tickets on 112 separate occasions, and that the face value of the tickets was $4,860.30. It appears that while at the time of testifying the witness had no distinct, independent recollection of the details of the transactions recorded in the report, he was able to say that the report correctly stated the facts recorded, and that by referring to it to stimulate his recollection, he could testify independently thereof. It is well settled that a witness may use a paper containing a list of items to refresh his memory when he knows the entry to have been correct when it was made: Gibson v. Campbell, 242 Pa. 551; Sabin v. Michaelsen, 72 Pa. Superior Ct. 226. It was said by Judge KEPHART in Com. v. Roth, 71 Pa. Superior Ct. 73, that: "it has been a rule of evidence that a witness may refresh his memory by an examination of a memorandum reasonably contemporaneous with the transaction to which it relates, whether made by the witness or another......He must know of the circumstances of which the memoranda make record at or about the time of their occurrence and that the writing correctly records them." The witness, Campbell, having been able to say that the record to which he referred correctly stated the facts recorded, the above authorities

fully justified the action of the court in receiving the testimony and refusing to strike it out.

The eleventh assignment charges error in the admission of testimony as to transactions other than those set out in the indictment and with persons other than the codefendant, Byrne. The indictment was found at the April sessions of 1921. The first count charged that A. M. Byrne and Joseph Dwyer did, on the 30th day of October, 1920, falsely and maliciously conspire together, and with other persons whose names were unknown, to cheat and defraud the Pennsylvania Railroad Company. In laying the time, any date within the statutory period and prior to the finding of the indictment might be fixed, and the averment would be supported by proof that the offense occurred at another date within that time. It is not necessary to prove the time as laid, except when time enters into the nature of the offense: Com. v. Nailor, 29 Superior Ct. 271. The Commonwealth had the right to offer testimony showing other offenses where the evidence tends to establish system, guilty knowledge, design or plan: Com. v. Shields, 50 Pa. Superior Ct. 1; Com. v. Elias and Jones, 76 Pa. Superior Ct. 576; Com. v. Rink, 71 Pa. Superior Ct. 579.

The thirteenth assignment charges error in that part of the charge of the court below in which he referred to Byrne as one "who was, [or it is alleged was] a coconspirer or accomplice." This was harmless error, as, under the whole charge and the testimony presented, a jury could not have understood that Byrne was other than an admitted accomplice. The assignment is overruled.

The fourteenth assignment complains of that part of the charge in which the trial judge explained the meaning of the words "weight of the evidence." A careful review of this part of the charge convinces us that the instruction was free from error.

The fifteenth assignment of error challenges that part of the charge which related to the weight and effect to be

given to evidence of good reputation. The language complained of is as follows: "During the progress of this trial the defendant has put in evidence his reputation, in addition to denying the crime; and when reputation is put into a case it becomes substantive evidence, a substantive fact which the jury must take into consideration along with the other evidence in the case in determining the verdict which they will render. The rule of law in relation to the matter of reputation is that it is a substantive fact and must be taken into account by a jury [and may in some circumstances be sufficient to raise a reasonable doubt as to the guilt of the defendant. I say 'in some circumstances' because it is not always that it does raise a reasonable doubt]. In an opinion delivered by one of the justices of the Supreme Court, speaking for this court, this question of reputation is discussed, and the value of proof of good reputation is passed upon. In that case, the Supreme Court said: ['The true rule was accurately expressed in Commonwealth v. Eckerd, 174 Pa. 137, in this form: 'That evidence of good reputation is substantive and positive proof in the prisoner's favor and may give rise to a reasonable doubt which would not otherwise exist, by making it improbable that a man of such character would commit the offense charged. But where the jury is satisfied beyond a reasonable doubt, under all the evidence, that the defendant is guilty, evidence of good character is not to overcome the conclusion which follows from that view of the case']. In the case cited by the justice of the Supreme Court who wrote the opinion from which I have just read, this language appears: ['Where the jury is satisfied beyond a reasonable doubt, under all the evidence, that the defendant is guilty, evidence of previous good character is not to overcome the conclusion which follows from that view of the case']. [So you understand now, gentlemen, the weight and effect to be given to evidence of previous good character.]" The learned counsel for the defendant ably contends that this instruction was erroneous and, in support of that

contention, cites Com. v. Cate, 220 Pa. 138, and Com. v. Ronello, 251 Pa. 329, as deciding that the instruction quoted from Com. v. Eckerd, 174 Pa. 137, was reversible error. We do not so interpret the opinions in those cases. In Com. v. Eckerd, it was urged in the Supreme Court that the charge on the subject of good character was erroneous, because it directed the jury to separate that branch of the testimony from the rest, and, if they were satisfied from the other testimony that the prisoner was guilty, then good character would not avail. The Supreme Court said, however, that the charge was not open to this construction. Commonwealth v. Eckerd has been cited with approval in the late case of Com. v. Tenbroeck, 265 Pa. 251, where the lower court used this language: "But where the jury is satisfied beyond a reasonable doubt under all the evidence that the defendant is guilty, evidence of previous good character is not to overcome the conclusion which follows from that view of the case." In the latter case, Justice WALLING points out that it is only in the absence of other adequate instructions upon the question of good reputation that the language last quoted is condemned, citing Com. v. Cate, 220 Pa. 138, as an example thereof. In Com. v. Aston, 227 Pa. 106, Justice ELKIN who wrote the opinion in Com. v. Cate, said of Com. v. Cate: "The trial judge substantially instructed the jury that evidence of good character might be disregarded if from the other evidence in the case they were satisfied of the guilt of the defendant. This court held the instruction erroneous because such testimony is always admissible and is to be weighed and considered as evidence of a substantive fact and should be regarded by both court and jury." Considering all that the court said upon the subject, the jury must have understood that evidence of good character is substantive evidence, material and essential in determining the guilt or innocence of the defendant and should be considered by the jury in connection with the other evidence, that it did not raise a distinct issue, and that, when so considered,

there is a reasonable doubt as to guilt there must be an acquittal, whereas, without it, there might be a conviction. So considered, there is no just ground for criticism of the charge on this branch of the case.

By the sixteenth assignment of error, in which the charge as a whole is brought up for review, it is urged that the charge was prejudicial to the defendant. Careful consideration of it has led us to the conclusion that it is not subject to this imputation. The court did not attempt to review the testimony and told the jury that he did not intend so to do. We think that the issues were fairly presented to the jury, and defendant has no just cause for complaint.

All of the assignments of error are overruled, the judgment is affirmed, the record is remitted to the court below, and it is ordered that the defendant appear in that court at such time as he may there be called, and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time this appeal was made a supersedeas.