## Lardieri *v.* Lamont, Appellant.

Argued October 1, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*T. Dean Lower,* with him *Paul E. Beaver,* for appellant.

*Alexander A. Notopoulos,* with him *Robert C. Haberstroh* and *Amos Davis,* for appellee.

OPINION BY RHODES, P. J., November 12, 1952:

Plaintiff brought this action in assumpsit seeking to recover for work and labor personally performed in remodeling defendant's restaurant, barroom, and apartment house. Plaintiff's claim was for $4,513; the jury rendered a verdict for $2,500. Defendant appeals and asks that a new trial be granted.

The only question raised on the appeal is whether the trial judge erred in permitting plaintiff to refer to and use a written memorandum to refresh his recollection of the total number of hours worked at the various tasks in connection with defendant's premises.

Plaintiff was defendant's brother-in-law, having married defendant's sister. He testified to an oral agreement of employment, entered into with defendant about December 15, 1943, whereby plaintiff was to re-

ceive $1.75 per hour for assisting in remodeling the premises of defendant. The undertaking was extensive and consisted of removing paper from twenty-six rooms, removing and replacing of plaster, installing four tile kitchens and four tile baths, and making changes in the dining room, barroom, and lounge. Plaintiff described the various operations.

In testifying as to the total number of hours spent on a particular type of work plaintiff relied on the written memorandum in question. For instance, he testified that in January and February, 1944, he spent 306 hours removing and patching plaster in the hallways and stairways, for which $535 was due, and that he had been paid $70 on account of this item. Unquestionably plaintiff could not have testified accurately to the respective totals of the hours worked in the various operations without refreshing his recollection by use of the written memorandum.

Plaintiff made detailed notations of the hours he had worked, in his own handwriting which was legible only to himself. Eventually these records became worn from handling. At plaintiff's direction another made a summary of the hours worked from the daily notes; it is this memorandum that plaintiff used to refresh his recollection in testifying. At the time of dictation of this memorandum, plaintiff verified the summary with the original notes which were then destroyed. The facts relating to the preparation of the memorandum were fully developed at the trial both on direct and cross-examination. Defendant's counsel objected to plaintiff's use of the memorandum.

The trial judge properly permitted the plaintiff to use the memorandum to refresh his recollection. It is to be noted that plaintiff did not declare on a book account; and the writing itself was not introduced in evidence or exhibited to the jury. Plaintiff's use of the

memorandum under the rule of "Present Recollection Revived" was permissible. 3 Wigmore, Evidence, §758, p. 100 (3d Ed.) ; 58 Am. Jur., Witnesses, §584 et seq., p. 326. "There is no difficulty about the rule in matters of this kind. The recollection of the witness— not the memorandum used to refresh it—is the real evidence": *Com. v. Perri,* 97 Pa. Superior Ct. 78, 84. "A witness may use a book or memorandum for the purpose of refreshing his memory even though the writing itself would not be competent evidence": *Nestor v. George,* 354 Pa. 19, 22, 46 A. 2d 469, 472. We have held that, where the witness is certain that the writing is accurate and correctly records the events under investigation, it is entirely competent for the witness to refresh his memory from such paper even though he has no present recollection as to the facts of which the memorandum speaks. *Com. v. Roth,* 71 Pa. Superior Ct. 71, 74; *Com. v. Dwyer,* 79 Pa. Superior Ct. 485, 490.

This Court has clearly indicated that a memorandum dictated by a witness from original records contemporaneously made and verified by the witness as accurately transcribed is properly authenticated and usable by the witness to refresh his recollection. *Sabin v. Michaelsen,* 72 Pa. Superior Ct. 226, 229, 230; Annotation, 125 A.L.R. pp. 19-250; 3 Wigmore, Evidence, §759, p. 102 (3d Ed.). "The attempt was not, therefore, to introduce the record of a prior recollection, but to produce a present recollection by stimulating the memory through association with a transaction in which the witness was an actor": *Sabin v. Michaelsen,* supra, 72 Pa. Superior Ct. 226, 229.

The fact that the memorandum was a summary of detailed hourly work is no objection to its use by the witness where the transcription and the summary are properly authenticated. Certainly the witness may es-

tablish the accuracy of a simple mathematical calculation.

Defendant admitted the making of the alterations and repairs alleged and the employment of plaintiff; but defendant contended that plaintiff had been fully paid each week as the work progressed. Defendant produced nothing in the way of accounts, and the court below well said: "Nor do we find anything in the equities of the case to move us to grant a new trial." The issues in the case turned on conflicting oral testimony, and they were for the jury to resolve. We think the case was fairly and properly tried, and we find no error in the refusal of the court below to grant a new trial.

Judgment is affirmed.