J-S29003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT JEFFERY BAILOR | : | |
| | : | |
| Appellant | : | No. 67 WDA 2024 |

Appeal from the Judgment of Sentence Entered December 13, 2023
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s):  CP-17-CR-0001156-2021

BEFORE:  DUBOW, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:        **FILED: September 13, 2024**

Appellant Robert Jeffery Bailor appeals from the Judgment of Sentence entered in the Clearfield County Court of Common Pleas after a jury convicted him of one count each of Attempted Homicide, Simple Assault, and Terroristic Threats, and two counts of Aggravated Assault.[1] He challenges certain evidentiary rulings.  After careful review, we affirm.

**A.**

We glean the following factual and procedural history from the trial court's opinion and the certified record.  On August 24, 2020, Donald McGonigal ("Victim") parked his vehicle alongside his home in Lawrence Township and as he exited, Appellant ran at him with a knife, shouting "don't you ever fuck with my family." Tr. Ct. Op., filed 3/11/24, at 1. Appellant then

---

[1] 18 Pa.C.S. §§ 2502, 901(a), 2702(a)(1), 2702(a)(4), 2706(a)(1), and 2701(a)(2) and 2701(a)(4), respectively.

stabbed Victim in his neck and stomach multiple times causing numerous injuries which required five surgeries. The Commonwealth charged Appellant with the above offenses.

After delays not relevant to the issues raised in this appeal, the court scheduled jury selection for April 7, 2022, and trial for May 10 and 11, 2022. On April 5, 2022, Appellant filed a Notice of Defense of Insanity or Mental Infirmity and Commonwealth filed a Motion for a Continuance pursuant to Pa.R.Crim.P. 568(B)(1). The court granted the continuance and scheduled jury selection for August 11, 2022, and trial for October 6 and 7, 2022.

On September 30, 2022, Appellant filed a *pro se* motion alleging counsel ineffectiveness. On October 3, 2022, the Commonwealth filed a Petiiton to Establish Defendant's Competency to Stand Trial.

On October 4, 2022, the court held a hearing on Appellant's *pro se* motion, following which Appellant requested permission to withdraw his motion and proceed with the same attorney. The court colloquied Appellant and found him competent to stand trial and to make the decision to withdraw his motion.

The case went to trial on October 6, 2022. Prior to opening statements, the court and the parties discussed the photographs of the Victim's injuries that the Court would admit for the jury's viewing, ultimately settling on a

black-and-white photograph showing only the Victim's torso post-surgery. Appellant's attorney lodged his objection.[2]

The Commonwealth presented the testimony of numerous witnesses, including Appellant's mother, Bonnie Litz. Ms. Litz first testified that Appellant had been diagnosed with bipolar disorder and suffered from paranoia. N.T., at 140. In response to the Commonwealth's question referring to the day of the attack—"did you speak with law enforcement about what was going on, what they were investigating?"—Ms. Litz responded that she spoke with law enforcement about her son's mental illness on the day of the incident, but because it two years ago and a very traumatic day, "I couldn't tell you what I said or what I didn't say."[3] When the Commonwealth asked if a report that the state trooper generated following their telephone conversation that day would refresh her recollection, Appellant's counsel requested a sidebar where he objected, stating "it's not a transcript of an interview, it's not a writing or anything authored by Ms. Litz. So I don't believe that it's a proper document for refreshing recollection."[4] Following the court's reading the short police report into the record and further discussion, the court sustained Appellant's

---

[2] **See** N.T., 10/6/22, at 8-14, 46, 48.

[3] **Id**., at 140.

[4] **Id**. at 141.

objection in part, and redacted reference to Ms. Litz informing the trooper that her son was violent and had told her "to watch the newspapers."[5]

On October 7, 2022, the jury found Appellant guilty of all the charges but mentally ill. The court originally scheduled sentencing for December 5, 2022, but granted several continuance requests filed by Appellant and scheduled sentencing for April 10, 2023.

On February 17, 2023, Appellant filed a second motion alleging ineffective assistance of counsel. The court held a hearing on the motion at which counsel requested to withdraw his appearance. The Court conducted a colloquy with Appellant and concluded that Appellant knowingly, competently, and voluntarily agreed to the withdrawal of his counsel.

Following two continuances requested by Appellant's new counsel, on July 10, 2023, the court sentenced Appellant. Appellant filed a timely post-sentence motion to modify sentence, and on December 12, 2023, the trial court granted the motion and imposed a term of 14 to 28 years' incarceration for the Attempted Homicide conviction, and a concurrent sentence of 9 months to 2 years' incarceration on the Terroristic Threats conviction. The remaining convictions merged for purposes of sentencing.

**B.**

Appellant filed a timely notice of appeal followed by a court-ordered Rule 1925(b) Statement. The court filed a responsive Rule 1925(a) Opinion.

---

[5] *Id*. at 144-146.

Appellant presents the follow question for our review:

> Did the trial court err by allowing the Commonwealth, over defense counsel's objections, to admit into evidence and publish to the jury an inflammatory photograph of the victim's injuries and by allowing a Commonwealth witness' recollection to be refreshed with a document authored by a non-testifying third-party, and did the cumulative impact of these evidentiary rulings prejudice the jury so Appellant could not receive a fair trial?

Appellant's Br. at 8.

## C.

Appellant first presents a challenge to the court's evidentiary rulings. Our review is well-established. "The admissibility of evidence is a matter solely within the discretion of the trial court. This Court will reverse an evidentiary ruling only where a clear abuse of discretion occurs." *Commonwealth v. Johnson*, 638 A.2d 940, 942 (Pa. 1994) (citation omitted). "An abuse of discretion will not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Commonwealth v. Lehman*, 275 A.3d 513, 518–19 (Pa. Super. 2022), *appeal denied,* 286 A.3d 213 (Pa. 2022) (citation omitted).

"Only relevant evidence is admissible at trial." *Commonwealth v. Christine*, 125 A.3d 394, 397 (Pa. 2015), citing Pa.R.E. 402. Evidence is relevant if it tends to make a material fact more or less probable than it would be without the evidence. Pa.R.E. 401. Even if relevant, however, evidence

- 5 -

may be excluded "if its probative value is outweighed by … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

**D.**

Appellant first argues that the trial court erred by admitting a photograph of Victim's post-surgical wounds. Appellant's Br. at 16. He contends that "while the wounds were stitched up and cleaned from blood, they were still gruesome in nature[,]" and inflammatory, and because the Commonwealth had already presented a medical expert to testify "as to the victim's injuries, the photograph was cumulative evidence and more prejudicial than probative." **Id**. at 18.

When considering the admissibility of a photograph, the trial court must engage in the following two-step analysis:

> First, a trial court must determine whether the photograph is inflammatory. If not, it may be admitted if it has relevance and can assist the jury's understanding of the facts. If the photograph is inflammatory, the trial court must decide whether or not the photograph is of such essential evidentiary value that its need clearly outweighs the likelihood of inflaming the minds and passions of the jurors. The fact that a medical examiner can describe the victim's wounds to the jury does not render photographs of those wounds irrelevant.

*Commonwealth v. Wallace*, 244 A.3d 1261, 1269–70 (Pa. Super. 2021)(internal quotation marks, citations, and brackets omitted).

In *Wallace*, the appellant had shot a man in the head and the Commonwealth charged him with, *inter alia*, aggravated assault. During trial,

the Commonwealth presented two photographs of the victim's shooting injuries. Following his conviction, the appellant filed an appeal challenging the admission of the photograph as inflammatory with its prejudicial impact outweighing its probative value. This Court concluded that the trial court had not abused its discretion in admitting the photographs because it had "articulated a reasonable basis for finding the photographs were not inflammatory[.]" *Id*. at 1270. *See also Commonwealth v. Brueckner*, 326 A.2d 403, 406 (Pa. 1974)(concluding that black-and-white photographs showing the victim's wounds cleaned of blood were not gruesome or unsavory so as to inflame the jury).

Here, the trial court concluded that the photograph was not inflammatory, and the jury was able to consider it objectively along with the other evidence. Tr. Ct. Op., 3/11/24, at 6-7. The court noted that the photograph was in black and white, and the jury was not able to see any discoloration or irritation. *Id*. The court also noted that the photograph was relevant because Victim testified that he was stabbed multiple times which resulted in multiple surgeries. *Id*. at 6-7.

We discern no abuse of discretion. The photograph showing the Victim's wounds was relevant to the aggravated assault offenses with which the Commonwealth charged Appellant. *See* 18 Pa.C.S. 2702(a)(1)(4) ("A person is guilty of aggravated assault if he: (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under

circumstances manifesting extreme indifference to the value of human life; (4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon"). Moreover, as in **Brueckner**, **supra**, the photograph was black-and-white, devoid of blood, and did not show the Victim's face. We, thus, reject Appellant's contention that the photograph was gruesome and inflammatory.

## D.

Appellant next argues that the court erred in allowing Ms. Litz to refresh her memory of whether she spoke with police officers on the day of the attack with the written police report reiterating the conversation. Appellant's Br. at 20. Although Appellant concedes that "almost any item can be used to refresh a witness's memory," including a document "authored by a third party" where it is "made from information provided directly by the witness," Appellant's Br. at 20-21, he argues that because Ms. Litz did not prepare the report and the trooper who memorialized his conversation with her did not testify at trial, "there was no way to verify how long after the conversation the document had been prepared or how accurate it was." *Id*. at 22. This argument merits no relief.

"It is firmly established that a writing or other object may be used by a witness to refresh or revive his or her present recollection of past events." **Commonwealth v. Proctor**, 385 A.2d 383, 385 (Pa. Super. 1978). Moreover, a witness may use a document that helps him refresh his

recollection of matters of which he has personal knowledge, even if he did not author the document and regardless of whether the document is admissible in evidence. Pa.R.E. 612(a); *Commonwealth v. Sal–Mar Amusements, Inc.*, 630 A.2d 1269, 1274 (Pa. Super. 1993); *Dean Witter Reynolds, Inc. v. Genteel*, 499 A.2d 637, 641 (Pa. Super. 1985); *Commonwealth v. Ford*, 184 A.2d 401, 404 (Pa. Super. 1962) (detective's use of report authored by other police officers to refresh his recollection was proper). "The recollection of the witness—not the memorandum used to refresh it—is the real evidence." *Lardieri v. Lamont*, 92 A.2d 229, 230 (Pa. Super. 1952) (quoting *Commonwealth v. Perri*, 97 Pa. Super. 78, 84 (1929)).

Here, the trial court found that because the witness's memory was inadequate, it properly allowed the Commonwealth to refresh her recollection with the redacted version of the police report. It observed:

> At trial when Ms. Litz was asked whether she recalled speaking with law enforcement about the investigation of the matter at bar, she replied, "I spoke with them, but that was a very traumatic day, and that was two years ago. So, I couldn't tell you what I said or what I didn't say." [N.T., 10/6/22, at ] 140. This admission by Ms. Litz established that the witness['s] present memory was inadequate. The Commonwealth further established that the police report could refresh the witness's recollection by questioning the witness regarding whether she recalled contacting police about her son, which the witness confirmed. After a brief, on the  record sidebar conversation between counsel and this [c]ourt, the witness was shown a redacted copy of the police report written based upon a telephone conversation between the witness and Pennsylvania State Trooper Patrick. When asked by the Commonwealth, the witness confirmed that reviewing the report refreshed her memory of the conversation and proceeded to testify about the telephone conversation that she had with Trooper Patrick.

Tr. Ct. Op., at 8.

Based on our review of the record and the relevant case law, we conclude that the court did not abuse its discretion in allowing Ms. Litz to refresh her recollection with a redacted portion of the police report. Appellant's argument warrants no relief.

**E.**

Finally, Appellant summarily concludes that the two evidentiary rulings "combined prejudiced the jury as to prevent him from receiving a fair trial." Appellant's Br. at 22. "[W]here a claimant has failed to prove prejudice as the result of any individual errors, he cannot prevail on a cumulative effect claim unless he demonstrates how the particular cumulation requires a different analysis." *Commonwealth v. Wright*, 961 A.2d 119, 158 (Pa. 2008); *see also Commonwealth v. Small*, 980 A.2d 549, 579 (Pa. 2009) (concluding that a broad and vague claim of the prejudicial effect of cumulative errors did not entitle the appellant to relief).

Because we have found Appellant's evidentiary issues to lack merit, Appellant's two-sentence conclusion warrants no relief.

**F.**

In sum, the trial court did not abuse its discretion in allowing the admission of the photograph of the Victim's post-surgery wounds or in permitting the Commonwealth to present the redacted police report to Ms.

Litz to refresh her recollection. Accordingly, we affirm the Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 09/13/2024