## Commonwealth *v.* Rossi, Appellant.

*Appeals—Assignments of error—Charge of court—Paper-book.*

1. An assignment of error to the whole charge which does not quote the charge will not be considered.

*Evidence—Leading questions—Practice, C. P.—Harmless error.*

2. In an examination in chief, questions may be put to lead the mind of the witness to the subject of inquiry; and they are allowed when it appears that the witness wishes to conceal the truth, or to

favor the opposite party, or where from the nature of the case the mind of the witness cannot be directed to the subject of inquiry, without a particular specification of such subject.

3. A verdict of guilty in a criminal prosecution will not be set aside because a leading question was put to a witness for the commonwealth, where the question elicited nothing in any way harmful to the defendant.

*Liquor laws—Sale without license—Evidence—Case for jury.*

4. On the trial of an indictment for selling liquor without a license it appeared that the defendant had on one occasion furnished two bottles of beer to a witness without pay, and that upon another occasion he furnished two additional bottles for which the witness laid upon a table in the defendant's place of business, ten cents. The defendant was not present when the money was laid upon the table, but it was left there by the witness. It was the intention of the witness to pay for the beer when he left the money. There was no other evidence on the subject. *Held*, that it was for the jury to determine whether there had been a sale.

Argued April 11, 1911. Appeal, No. 21, Oct. T., 1911, by defendant, from judgment of Q. S. Huntingdon Co., Dec. T., 1909, No. 7, on verdict of guilty in case of Commonwealth v. Louis Rossi. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Indictment for selling liquor without a license. Before WOODS, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty, upon which the defendant was sentenced to pay a fine of $500.

*Errors assigned* were (1) the whole charge but not quoting it; (2, 3) portions of charge, quoting them; (4) refusal of request by defendant for binding instructions in his favor; (5) ruling on evidence referred to in the opinion of the Superior Court.

*Harry W. Petrikin*, for appellant, cited: Com. v. Guja, 28 Pa. Superior Ct. 58; Com. v. Hess, 148 Pa. 98; Com. v. Ginader, 148 Pa. 110.

*Wm. Wallace Chisolm,* with him *Charles C. Brewster,* district attorney, for appellee.

OPINION BY BEAVER, J., July 13, 1911:

This case was here upon a former conviction of the defendant: 42 Pa. Superior Ct. 581. There was no departure in the trial from what was there held. The court kept well within the ruling in Com. v. Hess, 148 Pa. 98, and the cases of like character decided with it, which have since been universally recognized, particularly in our cases of Com. v. Guja, 28 Pa. Superior Ct. 58, and in the later case of Com. v. Guinzburg, 46 Pa. Superior Ct. 488.

The assignments of error are five in number. The first assigns the entire charge of the court for error, but does not quote the charge and is, therefore, not in accordance with our rule and cannot be considered.

In view of the general instructions of the court as to what constituted a sale, in accordance with the well-settled law upon the subject, we discover no error in the second and third assignments.

The fifth relates to testimony as to the delivery of beer sold upon orders taken by the defendant, the allegation being that he was in the employ of a brewery in the city of Altoona. The question arose under the examination of the witness Claybaugh as follows: "Q. Well, the beer that was purchased on Wednesday would be delivered on Thursday? A. Well, whenever the car would come in it would be delivered. Q. Is it a fact, or is it not a fact, that you purchased beer from Louis Rossi on the evening of one day and it was delivered the next day? Mr. Petriken: Objected to, because it is an improper question. Mr. Chisolm: I submit, in a case like this, the commonwealth has a right to ask a leading question. The Court: We will overrule the objection and seal a bill for the defendant." The ground upon which the objection was overruled is not stated. It may have been, and probably was, because, in the opinion of the court the question asked was not a leading question and not for

the reason stated by the counsel that, because it was "a case like this," the commonwealth had a right to ask a leading question. The question did not in itself indicate an answer, which was either natural or expected. A leading question is said to be "A question which puts into the witness' mouth the words to be echoed back, or plainly suggests the answer which the party wishes to get from him." "Such questions cannot, in general, be put to a witness in his examination in chief, unless he is a hostile witness. But, in an examination in chief, questions may be put to lead the mind of the witness to the subject of inquiry; and they are allowed when it appears that the witness wishes to conceal the truth or to favor the opposite party, or where from the nature of the case the mind of the witness cannot be directed to the subject of inquiry, without a particular specification of such subject." See numerous citations in 2 Bouvier Law Dict. 153.

Here, however, we cannot say that the question was in any sense leading, and it may have been allowed because, in the opinion of the court, it was not objectionable upon that ground. In addition, as the defendant admits, the commonwealth elicited nothing by the question in any way harmful to him. The assignment is, therefore, overruled.

This leaves the fourth assignment to be considered. The defendant submitted a motion, asking for binding instructions for the defendant, on the ground that there was no evidence to be submitted to the jury upon which the defendant could be found guilty. This motion was refused for the reason that: "The credibility of the witness is for the jury, and it is for them to determine whether there was a sale made by the defendant in the limits of Huntingdon county." This, under all the circumstances, we do not regard as improper.

It appeared from the evidence that the defendant, Rossi, ordered beer from the brewing company, for which he was agent, for his own use. It also appeared that, on one occasion, he had furnished two bottles to

the witness, Deters, without pay; that, upon another occasion, he furnished two additional bottles for which the witness laid upon the table on his place of business ten cents. The defendant was not present when the money was laid upon the table, but it was left there by the witness. It was, therefore, within the control of the defendant. Whether or not it was left there under a previous arrangement between the defendant and the witness is not clear; indeed, as in the case when it was here previously, there does not seem to be any direct testimony upon that subject, and, if the court had been requested to so charge the jury, it would, under our previous ruling, have probably been bound to do so. No such request was made, however, and the general request was made that there was no testimony which would justify a conviction of the defendant. There is evidence that the witness left the money upon the premises of the defendant, with the purpose of paying for the beer which he received. Was this money appropriated by the defendant with the intention of receiving it as such? If it was, it would seem to complete the sale. As the court properly says, the question was for the jury. It is possible that even a denial by the defendant that he had so appropriated it might have convinced the jury that he had done so. His manner may have been more convincing than his words.

There is an entire absence of the objectionable features of the charge in the previous trial of the case which were pointed out by the president judge in the opinion in 42 Pa. Superior Ct. 581, and, inasmuch as a new venire was granted in that case, it evidently did not appear to us then that there was no evidence to go to the jury. Although the evidence was not overwhelming and perhaps cannot be called absolutely convincing, we are not able to say that there was no evidence from which the jury could fairly infer the guilt of the defendant. We think the court, therefore, properly refused the motion of the defendant.

This assignment of error is also overruled, and in consequence the judgment is affirmed and the record remitted to the court below, so that the sentence may be carried into effect.