# Commonwealth v. Emery, Appellant.

*Criminal law—Defendant questioned as to other offenses—Withdrawal of juror—Act of March 15, 1911, P. L. 20.*

1. There is no violation of the Act of March 15, 1911, P. L. 20, where a subject forbidden by the act, or other objectionable matter, is introduced by the prisoner himself as part of his substantive defense, and questions are then put to him in reference thereto by the court, without objection or exception by his counsel, and, on cross-examination, a question of like character, suggesting no new matter whatever, and eliciting no reply, is put by the district attorney, but afterwards withdrawn.

2. Even if a possible breach of the letter of the act has been committed, this does not necessarily require a reversal, where the attending circumstances suggest that no material harm was done defendant, and the record indicates a voluntary participation or acquiescence in the alleged breach; and particularly is this so, where no objections or exceptions were entered to the only questions which might be accounted harmful.

*Criminal law—Appeals—Assignments of error—Sentence.*

On an appeal in a criminal case, the sentence which is the final judgment in the case, is the one thing that must be brought before the appellate court by assignment, if effective relief is desired.

Argued March 21, 1922.    Appeal, No. 376, Jan. T., 1922, by defendant, from judgment of O. & T. Phila. Co., Dec. T., 1921, No. 37, on verdict of guilty of murder of the first degree, in case of Commonwealth v. Perley J. Emery, alias James Hastings.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Affirmed.

Indictment for murder.    Before ROGERS, J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree upon which judgment of sentence was passed.    Defendant appealed.

*Error assigned* was refusal to withdraw juror.

*Michael D. Hayes,* with him *Harry P. Felger,* for appellant, cited: Com. v. Garanchoski, 251 Pa. 247; Com. v. Brown, 264 Pa. 85; Com. v. Barille, 270 Pa. 388.

*Joseph H. Taulane,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellee, cited: Com. v. Snyder, 40 Pa. C. C. R. 215; Glenn v. Traction Co., 206 Pa. 135; Com. v. Chiemilewski, 243 Pa. 171; Com. v. Benedick, 39 Pa. Superior Ct. 477; Com. v. Bell, 166 Pa. 405; Com. v. Shields, 50 Pa. Superior Ct. 1, 21.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, April 10, 1922:

Perley J. Emery, convicted of murder of the first degree, appeals from a sentence to death.

Defendant, in company with two other men, had stolen an automobile; they were approached by Vincent Hanley, a uniformed guard on the Parkway, one of the public streets of the City of Philadelphia; he asked defendant to show his license card, whereupon the latter drew a revolver and shot Hanley, who died from the wound.

At the conclusion of the Commonwealth's case, defendant took the stand as a witness in his own behalf, testifying that he was addicted to the use of drugs, and did not remember the shooting; that he was subject to pain in his head and had to "use morphine now and then to keep the pain out." The prisoner's own counsel asked: "Have you been confined in any institution as the result of that?" to which he responded, "Yes, sir." Counsel then asked where he had been confined; this elicited the reply, "I was under two years and a half treatment in the House of Correction in Boston." The trial judge inquired why the prisoner had been there, and he answered, "I served six months for larceny and then I got two years on account of this sickness I have." Defendant's counsel then put this question: "You had syphilis, didn't you?" and defendant answered, "Yes." Up to this point no objection whatever was entered by the prisoner or his counsel to the questions of the court, nor are they now assigned as error.

When the assistant district attorney took the prisoner for cross-examination, he said: "I want to just clear up with reference to your being treated for this disease in that institution; you were in an institution under a sentence of five years, were you not?" (It is conceded the use of "five years" instead of two years was a mistake, the examiner meaning to say the latter.) The prisoner's counsel objected and asked for the withdrawal of a juror. The court declined the motion, allowing an exception. The district attorney did not take advantage of the ruling, however, stating, "I won't pursue the inquiry any further and will withdraw the question."

The sole assignment of error presented to us on this appeal relates to the above ruling; and, as before stated, it is to be noted that the only exception shown by the assignment is to the question put and withdrawn by the district attorney.

Any possible harm which could have been done appellant by the reference, in the district attorney's question, to the facts that defendant had been in a penal institution, under sentence for other offenses committed by him, or that he had a loathsome disease, was suffered when these circumstances were brought out on his examination-in-chief, as to which no error is assigned; on this state of the record, we see no grounds for reversal.

In asking that the sentence appealed from be set aside, appellant relies on the Act of March 15, 1911, P. L. 20, section 1, which provides that a person charged with crime shall not be asked, except under certain specified circumstances, and, "if asked, shall not be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation."

This court, in Com. v. Garanchoskie, 251 Pa. 247, 251, made the general statement that the Act of 1911 prohibited examination along the forbidden lines unless the case falls within one of the two exceptions mentioned in the statute; but at no time have we ruled that reversible error appears where a subject forbidden by the act, or other objectionable matter, is introduced by the prisoner himself as part of his substantive defense, and questions are then put to him in reference thereto, without objection or exception by his counsel, and, on cross-examination, a question of like character, suggesting no new matter whatever, and eliciting no reply, is put by the district attorney,—in the present case, the last-mentioned question being the only one excepted to or assigned for error.

If we assume (but we do not decide) that a possible breach of the letter of the act was committed, yet this does not necessarily require a reversal, where the attending circumstances suggest that no material harm was done defendant by the ruling assigned for error, and the record indicates a voluntary participation or acquiesence in the alleged breach by the complainant, particularly when, as here, no objections or exceptions were entered to the only questions which might be accounted harmful. For example, in Com. v. Brown, 264 Pa. 85, 89-91, the district attorney asked a defendant, on trial for murder, if he was not a deserter from the army, and he answered in the affirmative; then, after his own counsel had examined him on the same matter, he requested the withdrawal of a juror. On appeal, the overruling of this motion was assigned for error, it being contended that the mere asking of the original question violated the Act of 1911. We agreed that the intention of the act was to prevent the asking of questions of the character forbidden therein; but, without deciding whether or not desertion was an offense within the meaning of the statute, held that, since no objection was made by defendant's counsel, at the time the question was asked, and he, himself, subsequently interrogated his client in regard to the matter, the court did not err in refusing to withdraw a juror. Again, the Evidence Act of 1887 (P. L. 161, section 10) provides that the neglect or refusal of a prisoner on trial to testify in his own behalf shall not raise any presumption against him nor be adversely referred to by court or counsel. The Superior Court (Com. v. Nowyokot, 39 Pa. Superior Ct. 503, 506), considering this statute, ruled that, when the provision in question was breached and counsel for the prisoner declined an offer of the trial judge to withdraw a juror, defendant could not be heard to complain on appeal. The same act provides that neither husband nor wife, with some exceptions, shall "be competent or permitted to testify against

Opinion of the Court.                    [273 Pa.

each other," which is equivalent to saying they shall not be offered for that purpose, yet in Commonwealth v. Weber, 167 Pa. 153, 162, a first-degree murder case, we refused a contention that reversible error had been committed by declining to strike from the record an offer to place the wife of defendant on the stand.

Appellant fails to assign for error the sentence, which is the final judgment in the case, and the one thing that must be brought before us, if effective relief is desired; but we have examined the evidence and agree that the elements of first degree murder appear.

The assignment of error is overruled, the appeal is dismissed, and the record is remitted for the purpose of execution.