Commonwealth *v.* Winegrad, Appellant.

Argued May 2, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Thomas D. Caldwell,* of *Caldwell, Fox & Stoner,* with him *Harry Shapiro,* for appellant.

*Fred C. Morgan,* Assistant District Attorney, with him *Karl E. Richards,* District Attorney, for appellee.

OPINION BY BALDRIGE, J., July 18, 1935:

The defendant, Sidney L. Winegrad, was convicted under two indictments. The first charged him with fraudulent conversion of $3,000, and the second with forgery and uttering and publishing fraudulent checks.

Winegrad was secretary of the State Employees' Retirement Fund. He requisitioned the funds to be paid out, and had charge of all records pertaining thereto. These requisitions, when made out, were submitted to him, and his approval was indicated by putting his initials on each page and his signature on the last one. The checks were drawn on the Treasury Department and sent to the office of the retirement board for mailing, which was done under Winegrad's supervision. The monthly checks were not mailed until a receipt card for the previous month's disbursement had been returned by the annuitant to Winegrad as secretary of the retirement fund, which card received his personal attention. In any case where the receipt card for the previous month had not been returned, the check was taken from those to be mailed and put in Winegrad's desk in a locked drawer.

Frank Megowen and John McManus were members of the fund and received monthly retirement payments until December, 1932, in which month they both died. Winegrad received notice of their deaths and notified Megowen's widow and McManus' sister, in letters dictated to Mrs. Norton, a stenographer, that no further payments would be made. He told Mrs. Norton not to put the copies of these letters in the file in the regular course, but in his personal file. The names of Megowen

and McManus continued to appear on the requisition and checks were issued payable to them until July, 1933. Seven of the Megowen and three of the McManus checks were given by Winegrad to Harry D. Hilton, messenger in the department, with the respective payees' purported signatures endorsed thereon. Hilton had them cashed and returned the proceeds to Winegrad. The Commonwealth's evidence showed that checks, approximating $800, were thus illegally issued. All were cashed at Harrisburg banks, except four payable to McManus, which were cashed at the Harrisburger Hotel. Oscar F. Treder, Jr., cashier at the hotel, testified that he cashed one of them, although he did not remember for whom. He wrote defendant's name on the back of the check, but could not recall what caused him to do so, but said he "didn't put that name 'Winegrad' there without some reason."

The appellant contends that there was not sufficient evidence offered for the jury to say that the endorsements of these various checks were in his handwriting; that evidence of this disputed question should have been supplied by experts in that field. Expert testimony to determine the authenticity of disputed writings may be helpful, but it is not usually indispensable. Letters concededly signed by Winegrad were offered in evidence. A jury has the right to compare authenticated writings with alleged forged writings, and to use their own judgment in deciding whether they were made by the same party: Groff v. Groff et al., 209 Pa. 603, 612, 59 A. 65.

The second complaint is that the court committed error in admitting in evidence the four checks cashed at the Harrisburger Hotel without evidence that they were presented by defendant or at his direction. No objection was made to Treder's testimony of his writing "Winegrad" on the one check, and that the other three checks bore the cashier's stamp of the Harrisburger

Hotel, thus indicating clearly that the checks were cashed there. The day after Treder left the witness stand, a motion was made to strike out his testimony, but no request was made that the jury be instructed to disregard it. The court's action in refusing to strike out this testimony can not be assigned as error. Forster v. Rogers et al., 247 Pa. 54, 63, 93 A. 26. We think, therefore, that the checks were properly admitted, as, we have already stated, it was for the jury to determine, especially in view of the attending circumstances, whether the forged endorsements of those four checks were in the same handwriting as the endorsements of the other checks, cashed at the bank, which the Commonwealth's evidence showed were forged by Winegrad. If the writing was the same, it would naturally follow that the forgery and utterance of these four checks were the work of Winegrad. It must be borne in mind that these checks, payable to men who are dead, were in his possession and under his control and without his orders they would not have been issued.

The appellant argues, also, that as the indictment charges a theft of $3,000 and the Commonwealth offered evidence of a theft of only $800, he should have been permitted to prove, as a matter of defense, that other forged checks, alleged to be part of the $3,000, had been deposited in a bank by another employee of the same department, for the purpose of raising the inference that all the money involved might have been taken by this person and not by the defendant. Evidence offered by an accused of the commission of a crime by another must be limited to such facts as are inconsistent with his own guilt and that raise an inference or presumption of his own innocence. The offering of evidence that another employee had used some of the forged checks covered by the $3,000 in the indictment did not have any bearing on the particular checks in this case. The proof of theft by someone else of money

from the retirement fund did not tend to establish defendant's innocence. In Com. v. Loomis, 270 Pa. 254, 261, 113 A. 428, the court said: "In a criminal case, a defendant cannot establish facts which awaken mere conjectures; his admissible proof must be such as is calculated to fairly raise a doubt as to his connection with the transaction ...... The remoteness of the testimony offered, or its significance in furnishing aid in deciding the fact to be found, must, of course, be subject to the control of the court." As the testimony offered did not relate to the checks which the Commonwealth contended were forged by the defendant, it was properly rejected.

Nor do we find merit to the contention that the indictment for fraudulent conversion can not be sustained, as there was no evidence that demand had been made on defendant for return of the money. If money or property is in possession of one legally, demand should be made therefor. Otherwise, there would be no evidence of the illegal withholding or application to his own use. The cases cited do no sustain the proposition that the defendant, illegally in possession of money, could not be prosecuted until after a demand had been made for it. The Act of May 18, 1917, P. L. 241, §1 (18 PS §2486), under which the indictment for fraudulent conversion was drawn, provides: "Any person having received or having possession, in any capacity or by any means or manner whatever, of any money or property, of any kind whatsoever, of or belonging to any other person, firm, or corporation, or which any other person, firm, or corporation is entitled to receive and have, who fraudulently withholds, converts or applies the same ...... to and for his own use and benefit, or to and for the use and benefit of any other person, shall be guilty of a misdemeanor ......" The gist of the offense here charged is that the money, belonging to another, was in the defendant's possession and that he

did unlawfully withhold, convert or apply it to his own use. We think the proof of the Commonwealth correctly brought this case within that statute.

Lastly, the appellant complains that the court erred in charging the jury as follows: "Mr. Winegrad says that in each case when the monthly requisition went through he would look at the signature and see whether it compared with the genuine signature and if it did he would let it go through." He maintains that the card referred to in his testimony was a spurious return card and not genuine. The court's attention was not called to the alleged error, and no exception was taken to this part of the court's charge. If the court made a mistake in stating testimony, it was the appellant's duty to bring this matter to the court's attention.

After a careful consideration of this entire record, we have reached the conclusion that the issues involved were fairly submitted to the jury.

Judgment of the lower court is affirmed, the record is remitted to the court below, and it is ordered that the defendant appear before that court at such time as he may there be called, and that he be by that court committed until he has complied with the sentence or any part of it which had not been complied with at the time the appeal was made a supersedeas.