## Com. *v.* Woloszchuk et al., Appellants.

Argued October 28, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Michael J. McEnery,* with him *Joseph V. McEnery,* for appellants.

*Abraham Berkowitz,* Assistant District Attorney, with him *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY BALDRIGE, J., December 16, 1938:

The defendants were charged with and convicted of common law rape. The Commonwealth's evidence, which need not be set forth in detail, was apparently accepted as true by the jury, and fully supports the conviction.

In brief, it shows that the prosecutrix, Evelyn Barnes, was accosted by one, Donaghy, about 1:15 A.M., on the

morning of July 3, 1938, on Allegheny Avenue, between 4th and 5th Streets, in the city of Philadelphia, as she was returning to the Kensington Y. W. C. A., where she made her home. The three defendants came along in a car and, with Donaghy, took prosecutrix to a tap room. Later, they all drove to a club, obtained the key to the premises, which were then in darkness, went upstairs, drank some beer, and played a game commonly known as "strip poker." Before the game had progressed very far, the prosecutrix quit playing and started to leave the club, whereupon one of the defendants forcibly attempted to have sexual intercourse with her. While she was resisting his advances, someone extinguished the lights. Each of the defendants in turn then had sexual relations with her while the other two held her to the floor. The appellants admitted they were present at the club, but denied having had intercourse with the prosecutrix.

The appellants' assignments of error relate principally to the Commonwealth's introducing evidence of prosecutrix's reputation for decency and chastity when it had not been attacked.

Miss Leslie, resident secretary of the Kensington Y. W. C. A., in answer to questions of the district attorney, testified as follows: "Q. You know other people that know Miss Barnes? A. I know other people that know Miss Barnes. Q. And you have known her for many years? A. Since I have been there, which is since September. Q. And you know other people that know Miss Barnes? A. Yes. Q. Among those people, what is her reputation as to being a decent and chaste girl? A. Very, very good. She is a member of the house council of the 'Y'."

It was then that the attorney for the defense entered the following objection: "I object to the testimony at this time, as to her reputation. There has been no testimony relating to this girl's character." The court,

without passing upon the objection, stated: "It is all right until it is attacked."

It was the duty of the appellants to enter promptly their objections before an answer was given to the inquiry as to the prosecutrix's reputation. That is especially true, as from the groundwork that was laid it was quite apparent that the Commonwealth was endeavoring to establish the general reputation of the prosecutrix. If an objection is not entered promptly, the proper practice is to move at once, and before the witness leaves the stand, to strike out the testimony, and, if the court refuses to do so, take an exception: *Commonwealth v. Hay,* 80 Pa. Superior Ct. 503, 506; *Commonwealth v. Brown,* 264 Pa. 85, 107 A. 676. In failing to enter a timely objection, the defendants may be deemed to have been satisfied to have the questions asked. A reversal will not be granted where the record indicates an acquiescence by a defendant in the alleged erroneous introduction of evidence: *Commonwealth v. Emery,* 273 Pa. 517, 117 A. 338. "When irrelevant or incompetent testimony is elicited by questions which are not objected to at the time they are put, and the trial is permitted to proceed with this testimony upon the record, a refusal of a request to strike it out, made after the witness has left the stand, will not be reviewed; in such case the only course is to ask that the jury be instructed to disregard the testimony, and a refusal of this request can be assigned for error": *Forster v. Rogers Bros.,* 247 Pa. 54, 63, 93 A. 26. See, also, *Bickel v. Reed,* 118 Pa. Superior Ct. 335, 179 A. 762; *Commonwealth v. Winegrad,* 119 Pa. Superior Ct. 78, 180 A. 160.

We said in *Commonwealth v. Retacco & Retacco,* 82 Pa. Superior Ct. 79, 80: "The answers were responsive to questions to which no objection had been made; after responsive replies are so received, it is, generally speaking, too late to avoid their effect."

The appellants, therefore, cannot complain of the presence on the record of this testimony.

But it was entirely unnecessary to offer this evidence, especially at that stage of the proceeding, as the law presumed the prosecutrix to be of good reputation, and the Commonwealth was not required to prove that fact unless it was attacked; "testimony to prove it good is superfluous": *Costello v. Long,* 62 Pa. Superior Ct. 13, 18. See, also, *Commonwealth v. Howe,* 35 Pa. Superior Ct. 554, 569.

Later in the trial, after several other witnesses for the Commonwealth testified, Mrs. Davis, chairman of the Kensington branch of the Y. W. C. A., testified as follows: "Q. Do you know Miss Barnes? A. I have known her for several years, as a house girl. Q. Do you know other people who know her? A. Yes. Q. What is her reputation among those people who know her? A. Very good. Q. As a decent, respectable girl? A. A decent, respectable girl, who has been in our house for over two years, and there has been never a criticism, whatever, about her." Mr. Pollock: "I again make an objection to the testimony that has been rendered here for the same reason as before; there has been no definite testimony relating to this girl's character. I don't think it is in evidence." Then followed a short discussion and colloquy between the court and counsel, and appellants' trial counsel, Mr. Pollock, then stated: "I will ask your Honor to strike out that testimony, and ask for a ruling on it." The judge said he would reserve his ruling until the close of all the testimony. After it was all in, the judge said: "On the objection as to the testimony as to reputation, one of the defendants, having made reference to the virginity of the prosecutrix, it becomes material, the reputation is in evidence, and therefore I overrule your motion." An exception was then granted. The evidence which the judge had in mind was evidently that given by Chambers when he testified: "Those detectives also

had testimony that the girl made an admission that she wasn't a virgin, and I don't know what became of that statement."

We do not regard that testimony as an attack upon the general reputation of the prosecutrix. When the question was asked Mrs. Davis to give the reputation the prosecutrix bears among those who know her, the course heretofore outlined should have been followed. If the court refused to give a ruling, exception should have been taken forthwith.

But we think this testimony did the defendants no particular harm as the prosecutrix was presumed to have a good reputation, and the testimony of Mrs. Davis was simply cumulative as Miss Leslie had already testified as to her reputation. Therefore, we do not feel justified in reversing the court below upon the record we have before us.

Judgment in each of these appeals filed to Nos. 302, 303 and 304, October Term, 1938, is affirmed, and it is ordered that the appellants appear in the court below at such time as they may there be called and that they be by that court committed until they have complied with the sentence or any part of it which had not been performed at the time the appeal in each case was made a supersedeas.