Opinion by
 

 Kenworthey, J.,
 

 This is an appeal from the refusal of a motion for new trial and in arrest of judgment.
 

 Defendant was a constable in the City of Pittsburgh. He was tried under three indictments, the first of which charged him with extortion under color of office; the second with misbehavior in office based upon the
 
 *126
 
 same offenses charged in the first, and the third for obtaining money under false pretenses. He was convicted on all three and sentenced on the first and third, by reason of which, sentence on the second was suspended.
 

 Defendant does not challenge the sufficiency of the evidence to sustain the convictions and it will, therefore, be unnecessary to review it at length. Suffice it to say that defendant was shown to have made two arrests on sight, following which he lodged informations on wholly insufficient evidence in which he charged serious crimes; that in several other cases, he made arrests on warrants charging larceny by bailee where the victims had been guilty of nothing more serious than failure to pay a civil debt; and that in all of the cases the victims were either threatened with or taken to jail until defendant, acting in concert with a justice of the peace named Faust, who died before he could be brought to trial, was able to extort “costs” from them.
 

 Appellant raises five points in support of the motion for new trial. We shall discuss them in the order presented.
 

 Section 6 of the Act of March 21, 1772, 1 Sm. L. 364, 42 P. S. 1016, provides that, “No action shall be brought against any constable......for anything done in obedience to any warrant......until demand hath been made......by the party or parties intending to bring such action ...... of the perusal and copy of such warrant......and the same hath been neglected or refused for the space of six days after such demand.” There is no evidence of compliance with this section. But in our opinion, the act applies to civil actions only and defendant, having been found to have acted wilfully, fraudulently and corruptly, as charged, it affords him no protection. See
 
 Smith v. Houghwot,
 
 132 Pa. Superior Ct. 501, 1 A. (2d) 517.
 

 
 *127
 
 The admissibility of the evidence of three victims who were not mentioned in the indictments is challenged on the ground that it is evidence of other crimes in no way connected with those charged. Since bad faith was at the root of the entire ease, in our opinion, the evidence was properly admitted to show the fraudulent intent, motive and design.
 
 Commonwealth v. Bonnem,
 
 95 Pa. Superior Ct. 496, 506.
 

 William Keeler was arrested at his home by defendant about midnight. His wife, a witness, was asked about her physical condition at the time of the arrest. After she had stated, “I was sick in bed,” an objection was made which was overruled. She was then asked substantially the same question in different form and, after stating that she was very sick, described at some length the circumstances of the arrest. Defendant complains that the statement about her health was prejudicial as it had a tendency to invite the sympathy of the jury. But no objection was made to the question, there was no motion to strike out the answer or any part of it and the court was not requested to instruct the jury to disregard the objectionable statement. Under the circumstances, defendant is not now in a position to complain. See
 
 Murray v. Frick,
 
 277 Pa. 190, 121 A. 47;
 
 Hannum v. Pownall,
 
 187 Pa. 292, 41 A. 29.
 

 While the assistant district attorney was addressing the jury, counsel for defendant interrupted him and complained to the court that he was attempting to prejudice the jury by a reference to the crime of kidnapping. The exact language used does not appear in the record, but it is apparently agreed that what he said was the following: “I said to the jury that this case had similarity to a kidnapping case in this respect: The victims of kidnapping usually want to keep the case from the police. They don’t want to tell the police about it. I used that as an analogy here, that the
 
 *128
 
 people who were victimized didn’t want to start their own prosecutions. I said that extortion and blackmail are similar.” In our opinion, no one could reasonably construe the remarks as an argument that the crimes with which defendant was charged were similar in degree to the crime of kidnapping and we think they were entirely proper.
 

 The Commonwealth showed that in one of the cases, after the costs had been paid to the justice of the peace in his presence, defendant went to the office of the county controller and again collected costs on the representation that none had been paid. We think the elements of the crime of false pretense are complete with the proof of the false representation, together with defendant’s knowledge that the representation was false, as shown by the fact of payment in his presence. It was not necessary, as defendant now contends, that the Commonwealth prove actual receipt by him from the justice of the peace of his share of the costs, and the failure of the court to so charge the jury was, therefore, not error.
 

 The assignments of error are overruled, the judgment is affirmed, and it is further ordered that defendant appear in the court below at such time as the said court shall fix and be committed by that court until he has complied with the sentence, or any part of it, which had not been performed at the time his appeal was made a supersedeas.