Commonwealth *v.* Voci, Appellant.

Argued October 9, 1957. Before RHODES, P. J.,
HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WAT-
KINS, JJ.

 

*Benjamin R. Donolow,* for appellant.

*William C. Storb,* District Attorney, for appellee.

OPINION BY WRIGHT, J., January 21, 1958:

Tony Voci was indicted in Lancaster County on a charge of pool selling and book making, as proscribed by section 607 of the Act of 1939, P. L. 872, 18 P.S. 4607. At the trial he demurred to the evidence, and submitted a point for binding instructions. After a verdict of guilty, he filed motions for a new trial and in arrest of judgment. The lower court refused to grant these motions, and imposed sentence. Voci has appealed. The facts are set forth in the following excerpt from the opinion of Judge JOHNSTONE for the court below:

"Detective Farkas testified that he made a tap on the telephone wire of the P. & J. Cafe and recorded the conversations heard on that line on a tape recording machine. One earphone the detective held to his ear and at the same time made notes of the conversations he overheard. The other earphone was attached to the speaker of the recording machine and the same conversations the detective heard were recorded by the machine on a wire tape. This was done on each of three successive days from 12:30 p.m. until approximately 4:00 p.m. After each of the three listening sessions, the officer immediately went to the Police Station and,

with Officer Thompson doing the typing, made a transcript of the tape recording. Detective Farkas testified that he played and replayed the recording until he was satisfied he had an accurate verbatim transcript of the conversations recorded on the tape. During the giving of his testimony concerning the taking of race horse bets by the defendant, the officer had with him and occasionally referred to the notes he had made in his own handwriting during the intercepted telephone conversations. However, the greater portion of the officer's testimony about the actual bets was read into the record directly from the transcript of the wire recording. The officer stated that he knew the defendant, and although he had never talked to the defendant over the telephone, was positive in his identification of the defendant's voice. Two other police officers, who listened to the tape recording but did not listen to the wire tap, also positively identified the voice of the person accepting bets as that of the defendant. No testimony was offered by or on behalf of the defendant and apparently the jury believed the officers' testimony not only concerning the taking of race bets but the identification of the defendant as the person who took them".

Appellant's distinguished counsel advances six contentions, the first of which is that "wire tapping is an impairment of an individual's right of privacy so that testimony based thereon is inadmissible". It is of course true that the right of privacy is recognized in this Commonwealth. See *Hull v. Curtis Publishing Co.,* 182 Pa. Superior Ct. 86, 125 A. 2d 644; *Mack Appeal,* 386 Pa. 251, 126 A. 2d 679. However, as in the case of *Commonwealth v. Chaitt,* 380 Pa. 532, 112 A. 2d 379, we are not here concerned with the policy question whether the need for wire tapping is out-weighed by its impairment of the right of privacy. A person engaged

in the commission of a crime has no legal right of privacy. Appellant's contention must be rejected upon the authority of the *Chaitt* case.

Appellant's second contention is that "an unauthorized publication of the contents of a telephone conversation, even though admissible into evidence under state law, violates section 605 of the Communications Act of 1934". This contention is also answered by the opinion in *Commonwealth v. Chaitt*, supra, 380 Pa. 532, 112 A. 2d 379, wherein Mr. Chief Justice STERN stated that the statute in question "was not intended to, and does not relate to the divulging of the contents of intercepted communication by state agents testifying in the criminal prosecution of a state crime in a state court". See also *Schwartz v. Texas*, 344 U. S. 199, 73 S. Ct. 232.

Appellant's third contention is that "all testimony from the typewritten transcription should have been stricken from the record". It is well settled that a witness may refresh his memory by an examination of reasonably contemporaneous memoranda, whether made by the witness or another: *Commonwealth v. Roth*, 71 Pa. Superior Ct. 71. In the case at bar the transcript in question was made immediately after each day's recording. While the officer made reference to this transcript, he was actually testifying to what he had himself heard. As pointed out by the court below, the recording itself, having been admitted, was available to appellant if he desired to controvert the officer's testimony. Somewhat similar testimony was approved in *Edwards v. Gimbel*, 202 Pa. 30, 51 A. 357. See also *Commonwealth v. Dwyer*, 79 Pa. Superior Ct. 485; *Commonwealth v. Perri*, 97 Pa. Superior Ct. 78; *Lardieri v. Lamont*, 172 Pa. Superior Ct. 35, 92 A. 2d 229; *Commonwealth v. Smith*, 178 Pa. Superior Ct. 251, 115 A. 2d 782; *Nestor v. George*, 354 Pa. 19, 46 A. 2d 469. We do not perceive that the case of *Hunter v. Hunter*, 169 Pa. Supe-

rior Ct. 498, 83 A. 2d 401, cited by appellant, supports his contention.

Appellant's fourth contention is that "testimony elicited by leading questions of the district attorney should have been stricken from the record". While appellant did not immediately object, he subsequently did move, while the witness was still on the stand, that the testimony be stricken. See *Commonwealth v. Woloszchuk*, 133 Pa. Superior Ct. 470; 3 A. 2d 10; *Commonwealth v. Truitt*, 169 Pa. Superior Ct. 326; 82 A. 2d 699. However, our examination of the record fails to reveal that appellant was prejudiced in any way by the questioning of the district attorney. The rule that a party calling a witness is not permitted to ask leading questions is liberally construed in modern practice: *Commonwealth v. Reeves*, 267 Pa. 361, 110 A. 158. It was proper for the district attorney to ask questions tending to lead the mind of the witness to the subject of inquiry: *Commonwealth v. Rossi*, 47 Pa. Superior Ct. 297. The scope and use of leading questions must be largely entrusted to the discretion of the trial judge; *Commonwealth v. Miele*, 115 Pa. Superior Ct. 269, 175 A. 706; *Stompler v. Richman*, 125 Pa. Superior Ct. 385, 189 A. 730.

Appellant's fifth contention is that "the evidence in this case was of insufficient nature and quality" to support the conviction. The case of *Commonwealth v. Gabriel*, 130 Pa. Superior Ct. 191, 196 A. 866, which he cites, has no application in the present factual situation. Incidentally, in the *Gabriel* case the conviction was sustained. What the officer heard in the case at bar was the actual commission of the crime charged. In *Commonwealth v. Moore*, 180 Pa. Superior Ct. 538, 118 A. 2d 212, we held that the telephone conversations there under consideration were direct evidence. See also *Commonwealth v. Kutler*, 173 Pa. Superior Ct. 153, 96 A. 2d 160.

Appellant's final contention is that the Commonwealth "failed to meet an essential burden" in that "there was not the slightest evidence of the locus of the alleged crime". It should be noted that this contention, namely, that venue was not proved, was first raised in the additional reasons for a new trial, which were filed over five months after the verdict. In any event, we agree with the court below that the record clearly discloses that the offense was committed in Lancaster County. Appellant cites *Commonwealth v. Tarsnane,* 170 Pa. Superior Ct. 265, 85 A. 2d 606, for the proposition that the locus of a crime is always in issue. However, in the words of Judge HIRT in the *Tarsnane* case, "although some evidence of the locality of the crime should be adduced yet if the place of its commission is not disputed, the defect is cured by verdict of guilty". *Commonwealth v. Kaiser,* 184 Pa. 493, 39 A. 299, and *Commonwealth v. Mull,* 316 Pa. 424, 175 A. 418, also cited, are not here controlling. In the *Kaiser* case it was held that, while the locality of the crime is technically at issue and some evidence of it should be adduced, if the question is not disputed the trial judge need not specifically call the matter to the attention of the jury. In the *Mull* case, wherein a real issue was raised as to venue, although the evidence was sufficient to support a finding that the crime was committed within the jurisdiction, the conviction was reversed because the trial judge refused an express request to charge on the question. In the case at bar the indictment charges that the crime was committed "at the county aforesaid and within the jurisdiction of this court". We deem it appropriate to quote from the opinion of Mr. Justice (later Chief Justice) KEPHART in *Commonwealth v. Lawrence,* 282 Pa. 128, 127 A. 465, as follows: "In the absence of uncontradicted evidence to the contrary, the conviction is conclusive the crime

was committed where it was charged to have been done in the indictment, for the verdict includes such a finding". See also *Commonwealth v. Sloat,* 298 Pa. 10, 147 A. 834.

The judgment is affirmed, and it is ordered that appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed at the time the order of supersedeas was entered.