## Commonwealth *v.* McClary, Appellant.

Submitted June 11, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

216

*Herbert H. McClary,* appellant, in propria persona.

*Arthur J. Marion, Burton Satzberg,* and *Arlen Specter,* Assistant District Attorneys, *Paul M. Chalfin,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., September 13, 1962:

Appellant was tried before Honorable CLINTON BUDD PALMER without a jury and found guilty of "Fraudulently Making a Written Instrument, Uttering and Publishing the Same." The instrument was a check on the Girard Trust Corn Exchange Bank of Philadelphia, purporting to be that of A. P. Allwein as maker, and made payable to appellant who endorsed it and presented it to the bank for payment. Allwein testified he had an account at the bank but had never signed this check, nor had any acquaintance with appellant. Appellant's defense was that he had won the check the night before in a poker game, and had accepted the check from an "Allen Fulton". He was arrested when he presented the check for payment because of the teller's suspicions.

After being arrested, appellant was searched by the police who found on his person several checks of the Camden Trust Company with signatures and account numbers of various other individuals.

In this appeal complaint is made of a violation of his constitutional rights against unreasonable search and seizure, and that his trial was unfair and the evidence insufficient to support his conviction because no

test of his handwriting was taken to demonstrate that he had forged the check. He complains further that his personal effects removed from his person were never returned to him. However, that complaint is not one that is properly under consideration in this appeal.

The rules of the Quarter Sessions Court of Philadelphia County provide that motions to suppress evidence must be made prior to trial. No such motion was made by appellant, although he was represented by competent counsel; nor was this issue raised by any post-trial motion. However, regardless of any technical reason for dismissing appellant's complaint as to the search made by the officers who had arrested him, there is no merit in the complaint because the right to search the person incident to arrest has long been recognized. *Commonwealth v. Bosurgi,* 198 Pa. Superior Ct. 47, 182 A. 2d 295, and cases cited therein.

The evidence disclosed by the search in the form of other checks of questionable nature was properly admitted into evidence to show plan, design, etc. *Commonwealth v. Dempsey,* 146 Pa. Superior Ct. 124, 22 A. 2d 76; *Commonwealth of Pennsylvania v. Robert Ferguson,* 95 Pa. Superior Ct. 153; *Commonwealth v. Wyoda,* 44 Pa. Superior Ct. 552.

The evidence was sufficient to convict without the use of expert testimony to prove that the instrument had been written by appellant. *Commonwealth v. Winegrad,* 119 Pa. Superior Ct. 78, 180 A. 160. Appellant admitted endorsing the check. The court, as trier of the facts, was privileged to compare that signature with the signature purporting to be that of the maker and to consider its finding on the point of authenticity, along with the other evidence, which was strong in this case. The testimony of Allwein and the evidence uncovered by the search of appellant were very indicative of his guilt as the maker of the check. The fact that he

was uttering and publishing the same was not in question. He was caught in the act of doing so.

Appellant was fairly tried and duly convicted.

Judgment of sentence affirmed.