J-S25007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| REBECCA FREY | |
| Appellant | No. 1742 MDA 2013 |

Appeal from the Judgment of Sentence June 26, 2013
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0005515-2012

BEFORE:  OTT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 12, 2014**

Rebecca Frey appeals from the judgment of sentence entered June 26, 2013, in the York County Court of Common Pleas.  On May 15, 2013, a jury convicted Frey of three counts of theft by unlawful taking, three counts of theft by deception, and two counts of forgery.[1]  Frey was sentenced to a term of 60 days to 23 months' incarceration.  Contemporaneous with this appeal, Frey's counsel has filed a petition to withdraw from representation and an **Anders** brief.  **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).  Counsel's **Anders** brief raises numerous challenges to the sufficiency and weight of the

---

[1]  18 Pa.C.S. §§ 3921(a), 3922(a)(1), and 4101(a)(2), respectively.

evidence, as well as the admissibility of the evidence. For the reasons set forth below, we affirm, and grant counsel's petition to withdraw.

The trial court set forth the facts and procedural history as follows:

The affidavit alleged that [Frey], as an employee of Fulton Bank[] had[,] over the course of several months, taken money from a depositor's account. On January 17, 2012, Nancy Dietz, a customer of Fulton Bank, discovered $2,000.00 had been withdrawn from her account. The transaction occurred on November 25, 2011 and Mrs. Dietz signed an Affidavit indicating that the signature for that withdrawal was not hers. Another transaction completed in June of 2011 showed a withdrawal of $5,200.00 from Mrs. Dietz's account signed for by Kelli Nelson, another depositor with Fulton Bank. Kelli Nelson and Nancy Dietz did not know each other. The same teller, Rebecca Frey, had completed both transactions. On February 10, 2012, Frey's teller work indicated that a $3,800.00 deposit was made and then cancelled and that $2,800.00 of that money was missing. Frey was terminated and on April 4, 2012, Fulton Bank representatives met with the affiant to file the criminal charges.

An Information was filed on August 21, 2012 adding some counts and amending others to account for the three (3) separate transactions. Counts 1 and 2 were amended to Theft by Unlawful Taking as to the $5,200.00; Counts 4 and 5, Theft by Unlawful Taking, were added as to the $2,000.00 and $2,800.00 respectively; Counts 6 and 7, Theft by Deception, were added as to the $2,000.00 and $2,800.00 respectively; Count 3, Forgery, was amended as to Nancy Dietz; and, Count 8, Forgery, was added as to Kelli Nelson.

At [Frey]'s pre-trial conference on October 18, 2012, the case was listed for trial in the December 2012 term of trials. Trial was continued twice and began on May 13, 2013. The jury returned with a verdict of guilty on all counts on May 15, 2013. [Frey] was sentenced on June 26, 2013 to 60 days to 23 months incarceration in York County Prison concurrent on all counts.

On July 11, 2013 [Frey] filed a Petition for Relief under the Post-Conviction Relief Act arguing that her counsel was ineffective for failing to file a post-sentence motion and/or appeal as she had requested. On that same date, [Frey]'s trial

- 2 -

counsel filed a Praecipe withdrawing as [Frey]'s counsel. We held a hearing on July 23, 2013 and permitted counsel to withdraw and directing that [Frey] apply for a public defender. We stayed [Frey]'s report date and granted her petition for bail pending appeal.

[Frey] filed a post-sentence motion on July 25, 2013 and a hearing was held on August 27, 2013. We entered an Order at the hearing denying [Frey]'s Motion[.]

Trial Court Opinion, 12/3/2013, at 2-4. This appeal followed.[2]

When direct appeal counsel files a petition to withdraw and accompanying *Anders* brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007). Here, our review of the record reveals that counsel has substantially complied with the requirements for withdrawal outlined in *Anders*, *supra*, and its progeny.[3] Moreover, the record contains no additional correspondence from

_____

[2] On October 4, 2013, the trial court ordered Frey to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Frey filed a concise statement on October 25, 2013. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on December 3, 2013.

[3] Previously, we found counsel's *Anders* brief deficient for failing to identify Frey as a recipient on the certificate of service pursuant to Pa.R.A.P. 121. As a result, on April 2, 2014, we remanded for re-filing of a proper *Anders* brief or advocate's brief. Two days later, counsel filed an amended petition for leave to withdraw, in which he identified Frey in the certificate of service. He also stated his belief that the appeal is wholly frivolous, filed the brief pursuant to the dictates of *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009), furnished a copy of the *Anders* brief to Frey and advised Frey of her right to retain new counsel or proceed *pro se*. *Commonwealth v. Ferguson*, 761 A.2d 613, 616 (Pa. Super. 2000).

Frey. Accordingly, we will proceed to examine the record and make an independent determination of whether the appeal is wholly frivolous.

We review this appeal on the basis of the issues identified in the *Anders* brief:

1. Whether the guilty verdict is against the sufficiency of the evidence because the Commonwealth failed to prove how [Frey] had access to the vault when its own witness testified that access to the vault was obtained only through two authorized individuals at the same time?

2. Whether the guilty verdict is against the weight of the evidence because the Commonwealth failed to prove how [Frey] had access to the vault when its own witness testified that access to the vault was obtained only through two authorized individuals at the same time?

3. Whether the guilty verdict is against the sufficiency of the evidence because the Commonwealth failed to prove that the forged signatures were [Frey]'s handwriting?

4. Whether the guilty verdict is against the weight of the evidence because the Commonwealth failed to prove that the forged signatures were [Frey]'s handwriting?

5. Whether the Commonwealth failed to lay a sufficient foundation pursuant to Pa.R.E. 901 that any of the witnesses called at trial were sufficiently familiar with [Frey]'s handwriting so that the jury could properly consider the appropriate weight to give the documentary evidence of forgery?

6. Whether the Commonwealth presented sufficient evidence of forgery when it failed to present expert testimony on handwriting analysis in order to establish that another person's forged signature matches the handwriting of a defendant?

7. Whether a conviction for Theft by Deception or Theft by Unlawful Taking may stand when there is insufficient evidence to prove beyond a reasonable doubt an underlying Forgery charge, which is the only way the thefts could occur?

*Anders* Brief at 5.

In Frey's first argument, she claims there is insufficient evidence to support her convictions because the Commonwealth failed to prove how she had access to the bank vault when Kyle Hughes, the bank's branch manager, testified that access to the vault was obtained only through two authorized individuals at the same time. Specifically, she states:

> The Commonwealth's case is circumstantial, strung together by various inferences drawn from cash-in and cash-out (or lack thereof) tickets run on Ms. Frey's teller number (001) at the bank. Yet, there was no direct evidence, either through witness testimony or presentation of bank surveillance footage showing Ms. Frey removing money from the bank. Further, tellers were only allowed to have so much money in their drawers before they either had to sell it to the vault or another teller. The vault was a "dual control" system that required two individuals with keys to enter. Ms. Frey was alleged to have stolen $5,200.00 from the bank. The bank requires tellers to "prove" their drawers every day. Despite these safety controls built-in to the bank's daily routine, the jury convicted Ms. Frey of Forgery, Theft by Deception, and Theft by Unlawful Taking.

*Anders* Brief at 14.

Our review of a challenge to the sufficiency of the evidence is well-settled:

> A claim challenging the sufficiency of the evidence presents a question of law. ***Commonwealth v. Widmer***, 560 Pa. 308, 744 A.2d 745, 751 (2000). We must determine "whether the evidence is sufficient to prove every element of the crime beyond a reasonable doubt." ***Commonwealth v. Hughes***, 521 Pa. 423, 555 A.2d 1264, 1267 (1989). We "must view evidence in the light most favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact finder properly could have based its verdict." ***Id.***

Our Supreme Court has instructed:

> [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

> *Commonwealth v. Ratsamy*, 594 Pa. 176, 934 A.2d 1233, 1236 n. 2 (2007).

*Commonwealth v. Thomas*, 65 A.3d 939, 943 (Pa. Super. 2013).

Here, the trial court found there was sufficient evidence to support her convictions as aptly stated in its trial court memorandum. *See* Trial Court Opinion, 12/3/2013, at 6-12.

Viewing this evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, we agree with the trial court's determination. Frey attempts to argue that because the Commonwealth did not demonstrate that she accessed the bank's vault, there was insufficient evidence to prove that she removed the money from the bank. However, this argument ignores the fact it was never alleged that Frey needed to have access to the vault. Rather, these numerous incidents involved Frey using the bank's "cash withdrawal" and "cash in" tickets to procure over $10,000 in cash from her teller drawer, none of which Frey rightfully owned. Moreover, while Frey alleges that tellers were only allowed

to have so much money in their drawer at a time before they had to sell that money to a different bank teller or to the vault, that exact amount of money was never specified at trial.[4] As such, one could reasonably infer that the certain funds were in her drawer to steal. Therefore, we conclude the Commonwealth presented sufficient circumstantial evidence from which the trial court could reasonably infer that Frey committed theft by unlawful taking, theft by deception, and forgery. Accordingly, her first argument fails.

Next, Frey claims that the verdict was against the weight of the evidence because, again, the Commonwealth failed to prove that she had access to the vault when Kyle Hughes, the bank's branch manager, testified that access to the vault was obtained only through two authorized individuals at the same time. ***Anders*** Brief at 14.[5] Moreover, she states while the Commonwealth "presented evidence through a 'paper trial [sic]' of transaction[s] from Ms. Frey's teller number (001) along with an inactive teller number (005)," Frey "alleged that she made an error and used the

_____

[4] ***See*** N.T., 5/13/2013, at 162-163 ([Defense counsel:] Before I show you this, it's true that each teller's only allowed to have so much money in their drawer at a time, right? [Hughes:] Correct. [Defense counsel:] So if they have more than that, they have to sell that money to a different drawer or to the vault; correct? [Hughes:] Correct.").

[5] Frey properly preserved her challenge to the weight of the evidence by raising it in a post-sentence motion, which was filed on July 25, 2013. ***See*** Pa.R.Crim.P. 607(A).

wrong account number (of Ms. Dietz) when providing funds to Ms. Nelson."

***Id.*** at 15.

> Appellate review of a weight of the evidence claim is well-established:
>
> A weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice. ***Commonwealth v. Widmer***, 560 Pa. 308, 318–20, 744 A.2d 745, 751–52 (2000); ***Commonwealth v. Champney***, 574 Pa. 435, 443–44, 832 A.2d 403, 408–09 (2003). On review, an appellate court does not substitute its judgment for the finder of fact and consider the underlying question of whether the verdict is against the weight of the evidence, but, rather, determines only whether the trial court abused its discretion in making its determination. ***Widmer***, 560 Pa. at 321–22, 744 A.2d at 753; ***Champney***, 574 Pa. at 444, 832 A.2d at 408.

***Commonwealth v. Lyons***, 79 A.3d 1053, 1067 (Pa. 2013), *cert. denied*, 134 S.Ct. 1792 (U.S. 2014).

Here, Frey's weight of the evidence claim is a rehash of her sufficiency challenge. She fails to explain how the verdict was against the weight of the evidence, or in what way the trial court abused its discretion in denying her weight claim. Rather, her argument consists only of a restatement that accessing the vault was necessary to demonstrate that she stole the money. We conclude the court did not abuse its discretion in denying Frey a new trial based on her weight of the evidence claim. Frey asks this Court to reweigh the evidence and give the greatest weight to her own testimony. We decline to do so. As our Supreme Court has made clear, we may not reweigh the

evidence and substitute our judgment for the trial court's decision. **See**

**Lyons**, **supra**. Therefore, Frey's weight claim fails.

In Frey's third and fourth arguments, which we will address together, she contends there is insufficient evidence to support her convictions and the verdict was against the weight of the evidence because the Commonwealth failed to prove that the forged signatures were in her handwriting. **Anders** Brief at 16. With respect to her sufficiency claim, she states:

> [T]he jury was provided with a withdrawal slip with competent testimony from Mrs. Dietz that she did not sign the documents. Mrs. Dietz, however, admitted that she signed her signature differently on several of the documents. Ms. Nelson also indicated that the handwriting on another completed withdrawal slips was not hers. The jury was provided with documents, including an Affidavit of Forgery, in which Ms. Frey admitted she had competed at least portions of them. The Commonwealth provided no expert testimony on handwriting analysis regarding the similarities between Ms. Frey's handwriting and the suspected documents.

**Id.** at 17. With regard to her weight claim, Frey restates her sufficiency argument and asserts the verdict shocks the conscience. **Id.** at 17-18. Frey concludes the court erred in denying her post-sentence motion and argues that expert testimony was required in order for there to be sufficient evidence to convict her of forgery. **Id.** at 18.

Keeping our standards of review in mind, we note the trial court relies on **Commonwealth v. Winegrad**, 180 A. 160 (Pa. Super. 1935), in finding that expert testimony was not required to prove the authenticity of the

handwriting on the forged documents. **See** Trial Court Opinion, 12/3/2013, at 12-13. In **Winegrad**, this Court held:

> Expert testimony to determine the authenticity of disputed writings may be helpful, but it is not usually indispensable. Letters concededly signed by [the defendant] were offered in evidence. A jury has the right to compare authenticated writings with alleged forged writings, and to use their own judgment in deciding whether they were made by the same party: **Groff v. Groff et al.**, 209 Pa. 603, 612, 59 A. 65.

**Winegrad**, 180 A. at 161. **See also Commonwealth v. Gipe**, 84 A.2d 366, 367 (Pa. Super. 1951). Moreover, "[t]he trier of fact determines the genuineness of a signature." **Levy v. Lenenberg**, 795 A.2d 419, 423 (Pa. Super. 2002), *citing* 42 Pa.C.S. § 6111(d).[6]

> Here, the trial court found the following:

> [Frey] said that her signature appeared on Commonwealth's Exhibit 7, the Affidavit of Forgery. Nancy Dietz authenticated her signature on the Affidavit of Forgery. Kelli Nelson authenticated her signature on checks she had written. The jury was able to compare the signatures to the signatures on the forged documents, the $2,000.00 withdrawal slip and the $5,200.00 withdrawal slip. Obviously, the jury concluded that the signature on the forged withdrawal slips was made by [Frey].

Trial Court Opinion, 12/3/2013, at 13 (record citations omitted).

---

[6] Section 6111(d) states: "*Jury question*. -- The opinions of the witnesses to handwriting being submitted as competent testimony to the jury, the final determination as to whether any particular handwriting is genuine or simulated shall remain, as heretofore, a question for the jury on all the evidence submitted." 42 Pa.C.S. § 6111(d).

We agree with the trial court's determination. Pursuant to **Winegrad**, **supra**, expert testimony was not required to prove the documents were forged. The jury, sitting as the fact-finder, was free to believe Dietz and Nelson, and to not believe Frey. Moreover, the jury was permitted use their own judgment in deciding whether the signatures were made by Dietz and Nelson, or Frey. Therefore, Frey's second attack on the sufficiency of the evidence fails. Furthermore, with respect to her weight claim, we conclude the court did not abuse its discretion in denying Frey a new trial. Frey again asks this Court to reweigh the evidence and, we decline to do so. Accordingly, her third and fourth claims fail.

Next, Frey argues the Commonwealth failed to lay a sufficient foundation pursuant to Pennsylvania Rule of Evidence 901 because none of the witnesses called at trial were sufficiently familiar with her handwriting so that the jury could properly consider the appropriate weight to give the documentary evidence of forgery. **Anders** Brief at 19. Specifically, she asserts that no foundation was laid before Hughes testified that he recognized or was familiar with Frey's handwriting. **Id.**

Our standard of review regarding evidentiary issues is as follows:

With regard to evidentiary challenges, it is well established that "[t]he admissibility of evidence is at the discretion of the trial court and only a showing of an abuse of that discretion, and resulting prejudice, constitutes reversible error. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of

- 11 -

record.  Furthermore, if in reaching a conclusion the trial court overrides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error."

***Commonwealth v. Serrano***, 61 A.3d 279, 290 (Pa. Super. 2013) (citation omitted).

Rule 901, which governs authenticating or identifying evidence, provides, in relevant part:

> (a) In General.  To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.
>
> (b) Examples. The following are examples only--not a complete list--of evidence that satisfies the requirement:
>
> …
>
> (2) *Nonexpert Opinion about Handwriting*.  A nonexpert's opinion that handwriting is genuine, based on a familiarity with it that was not acquired for the current litigation.

Pa.R.E. 901(a), (b)(2) (italics in original).

Initially, we note the alleged improper evidence regarding Hughes's testimony (that he recognized Frey's handwriting), which Frey cites to in her brief, actually came out during defense counsel's cross-examination of Hughes, and not during the Commonwealth's examination of the witness. ***See*** N.T., 5/13/2013, at 164  ("[Defense counsel:]  But from this ticket are you able to tell who completed that ticket?  [Hughes:]  I can recognize the handwriting, yes."); ***see also Anders*** Brief at 19.  Moreover, Hughes never

actually identifies whose handwriting he recognized.[7]  Lastly, as the trial court noted in its Rule 1925(a) opinion, Frey "authenticated her own handwriting and signature on the various documents.  No other testimony was needed as [Frey] is most familiar with her own handwriting."  Trial Court Opinion, 12/3/2013, at 13-14.  **See also** N.T., 5/13/2013, at 224. Therefore, Frey's argument that the Commonwealth failed to lay a sufficient foundation pursuant to Rule 901 is without merit, and the trial court did not abuse its discretion in admitting the evidence.

In Frey's penultimate issue, she claims there was insufficient evidence to support her forgery conviction because the court failed to present expert testimony analysis in order to establish that another person's forged signature matches her own handwriting.  Anders Brief at 20.  As we have stated above, pursuant to **Winegrad**, **supra**, no expert testimony was required to prove the documents were forged.  **See also** Pa.R.E. 901(b); 42 Pa.C.S. § 6111(d).  The two victims and Frey all testified with respect to their own handwriting, which is permissible under Rule 901.  Therefore, this issue lacks merit.

_____

[7]  Additionally, we note that "[o]ne can testify that he or she is familiar with a signature 'from having conducted a correspondence with him.'"  **Morgan v. First Pennsylvania Bank**, 541 A.2d 380, 383 (Pa. Super. 1988) (citation omitted) (concluding "trial court did not err in allowing the bank manager to testify concerning [a client]'s signature on the signature card as she was acquainted with the signature.").  Here, Hughes had worked with Frey for a number of years at the bank and therefore, it would have been permissible for him to testify regarding his familiarity with her handwriting.

Lastly, Frey argues that her convictions for theft by unlawful taking and theft by deception may not stand because there was insufficient evidence to convict her of forgery. **Anders** Brief at 20. She states that without the forgery, the thefts could not have occurred. **Id.** As the trial court properly notes:

> The Commonwealth presented several exhibits of [Frey]'s handwriting which were authenticated by [Frey] as being her handwriting. The Commonwealth also presented the testimony of Nancy Dietz and Kelli Nelson, who both testified that they did not sign the withdrawal slips that were at issue. Along with the testimony of Kyle Hughes and the other documentary evidence, the evidence was sufficient to conclude that [Frey] had forged the signatures of Nancy Dietz and Kelli Nelson.

Trial Court Opinion, 12/3/2013, at 14-15. We find the trial court properly disposes of this issue and therefore, we need not address it further.

As mandated by law, we have independently reviewed the record and agree with counsel that the appeal is wholly frivolous. **See Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007). For the foregoing reasons, we grant counsel's motion to withdraw from representation and affirm the judgment of sentence.

Judgment of sentence affirmed. Counsel's motion to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/12/2014